WADE L. McCLUNG, *a minor*, *by* WM. L. McCLUNG, *his guardian* v. MAY M. CULLISON, *et al.*

(Filed September 5, 1905.)

1. PETITION—Cause of Action Stated, When. The facts stated in a petition will all be considered together, in determining whether or not any one or more of the counts or paragraphs of such petition states a good cause of action.

2. MORTGAGE—Parties to Foreclosure Suit—Heirs. The heir of an intestate is not a necessary party to a suit to foreclose a mortgage and is concluded by a decree of foreclosure and sale against the administrators of such intestate.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

M. J. Kane, W. S. Denton, R. L. Denton and J. M. Dodson, for plaintiff in error.

*Whittinghill & Hubbell, Houston James,* and *John F. Curran,* for defendant in error.

Opinion of the court by

HAINER, J. :   This was an action brought by the plaintiff in error, Wade L. McClung, a minor, by William L. McClung, his guardian against May M. Cullison, and

numerous other defendants, to set aside a judgment in a fore-closure proceeding, and an order of sale had thereunder, and to recover the possession of an undivided one-half interest in and to the west half of the southwest quarter of section 6, township 22 north, range 6 west, situated in Garfield county, Oklahoma.

The plaintiff's amended petition is divided into two counts, denominated first and second causes of action. The first count, or cause of action, alleges that the plaintiff is a minor, and that William L. McClung is his duly appointed guardian, and, as such, prosecutes this action; and that the said Wade L. McClung is the equitable owner of, and entitled to the possession of, the undivided one-half interest in the land in controversy, for which the plaintiff prays judgment, and for damages for the unlawful detention thereof.

The second count, or cause of action, sets forth the ex-ecution of a note and mortgage upon the property in con-troversy by William L. McClung, and Cora E. McClung, his wife, to George Newer, and the foreclosure proceedings had thereunder. It is alleged in this count that the entire foreclosure proceedings and the order of sale were void, for the reason that the plaintiff in error, Wade L. McClung, was, at said time, a minor, under the age of fourteen years, and that no service was had upon him as required by law, and that no suitable or proper person was appointed guardian *ad litem* to defend his interests in said proceeding.

To this amended petition of the plaintiff, a demurrer was interposed by the defendants, alleging the various stat-utory grounds therefor; which demurrer was by the court sustained. To this ruling, the plaintiff duly reserved an exception, and elected to stand upon said amended petition.

McClung *et al.* v. Cullison *et al.*

Thereupon the court rendered judgment. against the plaintiff for the costs, and the plaintiff brings the case to this court for review.

We think the petition states but one cause of action. It is true that the first count, if taken alone, states a good cause of action for the recovery of the possession of real estate, and for damages for the unlawful detention thereof; but, when the two counts are considered together, the petition shows that but one cause of action is attempted to be pleaded, the second count, or cause of action, merely enlarging or amplifying the first count. In fact, the second count is the basis of this action, to-wit: to set aside and vacate the foreclosure proceeding and the order of sale made thereunder. The facts as pleaded do not warrant the dividing of the petition into two separate causes of action, the object and prayer of the petition being to set aside and cancel the foreclosure proceeding and the order of sale thereunder, and to recover the possession of the real estate in controversy. Hence, we think that the court below properly held that the petition must be treated as attempting to plead but one cause of action.

It is contended by the plaintiff in error that the entire foreclosure proceedings were void, for the reason that no service was had upon the plaintiff, Wade L. McClung, (who was made a party defendant in the foreclosure proceeding) as required by law. The judgment in the foreclosure proceeding is made a part of the plaintiff's petition, and it shows that the defendants in said proceedings were: The L. L. Douglas Co., a corporation, William L. McClung, Wade L. McClung, William McClung as the administrator of the estate of Cora E. McClung, dec'd, and William L. McClung

as the guardian of said Wade L. McClung. And the judgment further recites "that each and all of the defendants in this cause have been duly and legally served with due and legal process issued from this court." Moreover it appears from the judgment that W. L. McClung "O.Kd." and signed the decree of foreclosure. And in addition thereto the record in this case discloses that there was due service upon the minor Wade L. McClung. Hence, we think that the service in this case was sufficient to uphold the judgment, even if the minor, Wade L. McClung, was a necessary party to the foreclosure proceeding. This presents the question whether the minor, Wade L. McClung, was a necessary party to the foreclosure proceeding which is made the basis of this action, and this involves a question which is presented to this court for the first time. We think that, under the provisions of our statute, in an action to foreclose a mortgage, the heirs are not necessary parties, and that where the administrator is made a party to such action, the heirs are concluded by a decree of foreclosure and sale therein against the administrator.

Section 1691 of Wilson's Statutes of this Territory, provides as follows:

"The executor or administrator must take into his possession all of the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this article."

And section 1692 of the same statutes reads as follows:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

These provisions of our probate law were borrowed from the California statutes. Section 1582 of the California code of civil procedure is substantially as follows:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates."

The supreme court of California, in constructing this statute, in the case of *Bayly v. Muehe,* 65 Cal. 345, 3 Pac. 467, and 4 Pac. 486, held that in an action against an administrator, to foreclose a mortgage, heirs of the deceased mortgagor, in whom, at the time of his death, was the title to the mortgaged property, are not necessary parties. In this case, it appears that one Baker ownd a tract of land, which he mortgaged to one Livermore, and then died intestate, leaving surviving him certain heirs at law. An administratrix of his estate was appointed, to whom the mortgage claim was presented, and the same was duly approved and allowed. Livermore then commenced suit against the administratrix to foreclose the mortgage. To that suit none of the heirs of the mortgagor were made parties. The proceedings in the action were regularly had and taken, and resulted in the entry of a decree of foreclosure in regular form, the issuance of an

order of sale, the sale of the mortgaged premises pursuant to its direction, and the execution of the sheriff's deed in due course of time.    The court, in the course of its opinion in this case, said:

"If Baker had lived, there can be no doubt that the action for the foreclosure of the mortgage could have been maintained against him, and that a judicial sale and conveyance (the proceedings being regular) would have passed the title of the property to the purchaser.    If, then, an action for the foreclosure of a mortgage is founded upon contract, the same result must follow, under our statute, when the action is brought against the executor or administrator of the testator or intestate; for it would not do to say that the statute authorizes the maintenance of such an action against the executor or administrator to the same extent as it might have been maintained against the testator or intestate, and yet to hold that a sale and conveyance made in pursuance of a decree duly rendered in such an action passed no title.    The very purpose of a foreclosure suit, under our system, is to procure a legal determination of the existence of the lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its payment.    That such a lien arises out of a contract is plain.    The mortgage itself is a contract pledging the property embraced in it for the payment of the debt it is given to secure.    The action of foreclosure is founded on this, as well as the principal contract for the payment of the money; and the statute declaring that all actions founded upon contracts may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates, we must hold that the executors or administrators, as the case may be, represent the title of their respective testators or intestates in such foreclosure suits, and that the statute has so far changed the common-law (equity) rule as to render it unnecessary to make

the heirs parties. It has even been held in this state that a judgment in ejectment against the administrator concludes the heirs, although not parties to the action. (*Cunningham v. Ashley,* 45 Cal. 485; *De Halpin v. Oxarart,* 58 Cal. 101.)"

In *Collins v. Scott,* 100 Cal. 452, 34 Pac. 1085, the supreme court of California again expressly affirmed the decision in *Bayly v. Muehe.* This action was brought to vacate a judgment of foreclosure, and all proceedings thereunder, including the sale and conveyance. One of the points made was that the plaintiffs, who were heirs of Lemuel P. Collins, were not made parties to the suit which was brought against his administrator. The court said: .

"As heirs at law of the mortgagor, Lemuel P. Collins, these plaintiffs were not necessary parties to the action to foreclose. (*Bayly v. Muehe,* 65 Cal. 345, 3 Pac. 467, and 4 Pac. 486; *Monterey Co. v. Cushing* 83 Cal. 507, 23 Pac. 700.) And whether or not they were made parties defendant in that action is of no moment."

The doctrine announced in *Bayly v. Muehe* was in consonance with the doctrine announced in the preceding case of *Cunningham v. Ashley,* 45 Cal. 485. In *Cunningham v. Ashley,* as in *Bayly v. Muehe,* heirs were claiming under the title which had been adjudicated against the administrator of the estate of the ancestor. It was there contended that they were not concluded by a judgment against the administrator of their ancestor's estate, rendered in an action of ejectment, for the reason that the administrator did not have the legal title. The court, after citing the section of the act to regulate the settlement of estates of deceased persons, which provided that an administrator may maintain an action "for the recovery of any property, real or personal," said:

"In view of this provision of the statute, it becomes unnecessary to inquire into what is the nature of the title of an administrator, either as to the lands or goods of his intestate, or whether he can be properly said to have in himself any title whatever to either. The principle of law upon which the estoppel rests has reference to the fact that in the former action the hostile titles were directly opposed before the court rendering the former judgment, and that the superiority of the one over the other was ascertained and fixed by that judgment. That an administrator appearing in an action involving the interests of the estate represents as well the heirs as the creditors of the deceased is well settled. But he represents, not only the intersts or heirs and creditors, but also the title which the deceased had at the time of his death.

"When, therefore, in an action of ejectment, an administrator, seeking to recover the real estate of his intestate, alleges upon the record the seisin of that intestate, he thereby tenders an issue directly upon the title of the premises. If issue be joined by the defendant upon this point, and judgment be rendered, it is necessarily an adjudication that the title of the intestate was or was not superior to the title set up, or which might have been set up by the defendant in the action. Title is the means by which the right to possess property is made to appear. The authority conferred and the duty expressly imposed by statute upon the administrator, to institute actions to recover real property belonging to the estate which he administers, necessarily import that he is to make such averments in pleading, and support them, if he can, with such proof, as would entitle him in point of law, to recover the possession of the premises by the judgment of the court. The title upon which he is to recover is not his own title, nor that of the heirs or the creditors he represents, but the title of the intestate. The seisin upon which he must rely is the seisin which the deceased had at the time of his death. It is that title and that seisin which is put in the issue, and the sufficiency of which is determined by the judgment rendered

in the action. If the judgment be in favor of the adminis-
trator, it amounts to an adjudication that the title of the
deceased, represented by the administrator, is superior to
that upon which the defendant relies; and such a judgment
would, upon that point, estop the defendant, or his privies,
in a subsequent action brought for the recovery of the same
premises in favor of the administrator, or the heirs, after dis-
tribution made, or in favor of any person who had subsequent-
ly succeeded to that title, or to the right to assert it in court.
All these consequences flow from the statutory right of the
administrator to sue for the recovery of the estate of the de-
ceased; otherwise there is the anomaly of an action brought,
and a judgment rendered upon the issue joined, by which
judgment, however, nothing is, in effect, determined, and no
one concluded. So if,—as in the action of *The Administra-
tor of Kittleman v. Cunningham* (29 Cal. 492).—upon an ac-
tion brought by the administrator against a defendant in
possession of real property, upon the allegation of seisin in
the deceased at the time of his death, if it be adjudged that
the intestate was not seised, or that the defendant had the
better title, the legal consequence follows that the adminis-
trator, the heirs, and creditors, and all persons subsequently
asserting that title, as having vested in themselves by reason
of the death of the intestate, are alike estopped to deny the
superiority of the title of the defendant adjudicated in the
former action."

In *Hearfield v. Bridges,* 75 Fed. Rep. 47, this doctrine
was approved by the United States circuit court of appeals.
where the court announced the following rule:

"Under the California statute (Code Civ. Proc. sec. 1582)
providing that actions for the recovery of any property, real
or personal, or for the possession thereof, and all actions
founded upon contracts may be maintained by and against
executors and administrators, in all cases in which the same
might have been maintained by or against their respective
testators or intestates, as interpreted by the decisions of the

supreme court of the state, establishing a rule of property, an action for the foreclosure of a mortgage may be brought in a court of the state against the administrator of the deceased mortgagor alone without joining his widow or heirs; and the title derived under a sale in such an action is valid and conclusive, as against such widow and heirs, in a collateral proceeding in a federal court, without regard to the question whether the widow and heirs would be necessary parties to a suit in the federal court for the foreclosure of the mortgage."

.The supreme court of Florida in construing a statute substantially like ours, in the case of *Merritt v Daffin*, 4 So. 806, held:

"An administrator holding the real estate of his intestate as assets is, under the laws of Florida, the only necessary party to a suit for the foreclosure of a mortgage made by the intestate.

"The heir of the intestate is not a necessary party, and, though not a party to such a suit, is concluded by a decree of foreclosure and sale therein against such administrator."

Applying these authorities to the case under consideration, we are of the opinion that the plaintiff in error was not a necessary party to the foreclosure proceeding.

It follows that the petition wholly failed to state facts sufficient to constitute a cause of action, and therefore the court properly sustained the demurrer thereto. The judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.