## JAMESON v. GOODWIN et al.

No. 4813. Opinion Filed June 23, 1914.

(141 Pac. 767.)

1. **EXECUTORS AND ADMINISTRATORS—Action Against Administrator—Parties.** Under sections 5347 and 5348, Comp. Laws 1909 (sections 6301, 6302, Rev. Laws 1910), suits for the recovery of real property and to remove a cloud and to quiet title thereto may be maintained by and against administrators and executors, and the heirs of the decedent or intestate are not necessary parties.

2. **APPEAL AND ERROR — Parties — Heirs of Decedent — Action Against Representatives.** Plaintiff instituted this suit against the administrator and administratrix of Wilson M. Purcell, deceased, and joined all the heirs of decedent as defendants. Defendants in said cause, with the exception of one heir, were made parties to the proceeding in this court. On motion to dismiss petition in error, on the ground that this court is without jurisdiction on account of nonjoinder of said heir, held, that the heirs were not necessary parties in the court below; hence, not necessary parties in this court, and the motions to dismiss are overruled.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by George Jameson against G. W. Goodwin, Rebecca
J. Purcell, administrator and administratrix of the estate of Wil-
son M. Purcell, deceased, and others. Judgment for defendants,
and plaintiff brings error. On motions to dismiss. Motions over-
ruled.

*Dillard & Blake* and *Burwell, Crockett & Johnson,* for plain-
tiff in error.

*Biddison & Campbell, James B. Diggs,* and *Henry McGraw,*
for defendants in error.

RIDDLE, J.    Plaintiff in error, plaintiff below, filed his sec-
ond amended petition in the court below, alleging in substance
that on the —— day of November, 1911, Wilson M. Purcell died
intestate, and that defendants G. W. Goodwin and Rebecca J.
Purcell are the duly appointed administrator and administratrix
of his estate. Plaintiff also made the Gypsy Oil Company and
C. J. Wrightsman and D. D. Mickleson and the heirs of said
Wilson M. Purcell, deceased, and W. T. Cleeton, guardian *ad*
*litem* of Cleola Purcell, Fay Purcell, and Wilson C. Purcell, mi-
nors, parties defendant. Plaintiff was the owner of a one-third
undivided interest in the land described in said petition, and he
sets up in detail the source of his title. It is further alleged
that deceased, prior to his death, fraudulently secured a convey-
ance from the grantors of plaintiff to the land described; that
said conveyance was a cloud on plaintiff's title. He prayed for
judgment against defendants and each of them, decreeing him
to be the owner of an undivided one-third interest in the land,
for possession, and for such other general relief as he may be
found entitled to. Defendants G. W. Goodwin and Rebecca
J. Purcell, administrator and administratrix of the estate, filed
their answer, denying generally the allegations of the petition,
except such as were specifically admitted. They admit that Wil-
son M. Purcell died intestate, as alleged, and that they are the duly
appointed and acting administrator and administratrix; admit

the heirship, as alleged, and allege that deceased was the owner of the land described at the time of his death. They also admit the execution of the deed to the intestate, as alleged in said petition, and claim that said deed was valid and conveyed the title of said Wilson M. Purcell. The answer of defendants C. J. Wrightsman and D. D. Mickleson discloses that Wilson M. Purcell, prior to his death, executed an oil and gas lease to them, which they had assigned to the Gypsy Oil Company. The Gypsy Oil Company filed an answer, claiming interest in the land under said lease, and alleging that said Wilson M. Purcell, at the time of his death, was the owner of said land. The heirs of said Wilson M. Purcell, deceased, in substance, adopt the answer filed by the administrator and administratrix.

On the 30th day of October, 1912, the district court of Pawnee county rendered judgment against plaintiff below, plaintiff in error, in favor of defendants below, defendants in error. Defendant Gypsy Oil Company has filed its motion to dismiss the appeal, upon the ground that no summons in error was served and no publication of summons had upon defendants Lucretia Bohot, Cleola Purcell, Fay Purcell, and Wilson C. Purcell, and that each of said parties are necessary parties to this appeal. Lucretia Bohot entered her special appearance in this court for the purpose of filing her motion to dismiss, alleging as a ground that she was an heir of Wilson M. Purcell, deceased, and that she claims a certain interest in the land involved, jointly with the other heirs of said Wilson M. Purcell, deceased; and alleges that no summons in error has ever been served upon her, and that more than six months have expired since the action of the court in overruling the motion for a new trial. The defendants C. J. Wrightsman and D. D. Mickleson have filed their joint motion to dismiss, upon the ground that Lucretia Bohot and the parties mentioned above are necessary parties to this appeal, and that they are not made parties to this proceeding. G. W. Goodwin and Rebecca J. Purcell, as shown from the record, are administrator and administratrix respectively of the estate of Wilson M. Purcell, deceased. These various motions present the question for determination as to whether or not the heirs at law of Wilson

M. Purcell, deceased, are necessary parties to this proceeding in error. In answering this question, it is necessary to determine whether or not they were necessary parties in the court below. The record shows that all the heirs at law of said Wilson M. Purcell, deceased, are made parties in this court, with the exception of Lucretia Bohot. It is admitted that no summons in error has been served upon her, and that she has not waived the same, nor has she made her appearance in this court within the time prescribed by law.

A determination of the question raised by these motions requires the construction of sections 5347 and 5348, Comp. Laws 1909, relating to the power conferred upon administrators and executors, which sections are as follows:

"Sec. 5347. The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this chapter.

"Sec. 5348. Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

A question similar to the one before the court was decided in the case of *McClung v. Cullison*, 15 Okla. 402, 82 Pac. 499. That action was filed by McClung through his guardian, to set aside a judgment rendered in a proceeding to foreclose a mortgage, wherein the administrator was sole defendant. The court, in disposing of that case, stated:

"Hence we think that the service in that case was sufficient to uphold the judgment, even if the minor, Wade L. McClung, was a necessary party to the foreclosure proceeding * * * which is made the basis of this action, and this involves a question which is presented to this court for the first time. We

think that, under the provisions of our statute, in an action to foreclose a mortgage, the heirs are not necessary parties, and that, where the administrator is made. a party to such action, the heirs are concluded by a decree of foreclosure and sale therein against the administrator."

In that case the court quoted at length decisions from California, construing a statute identical with the one under consideration. The case of *McClung v. Cullison, supra,* was again referred to by this court in *Brocker, Adm'r, v. Stallard,* 34 Okla. 612, 126 Pac. 781, by Commissioner Rosser, in the following language:

"Upon the consideration of these statutes, it was decided, in the case of *McClung v. Cullison,* 15 Okla. 402, 82 Pac. 499, that the heir of an intestate was not a necessary party to a suit to foreclose a mortgage executed by the intestate, and that a decree of foreclosure rendered against the administrator was binding on the heir. This opinion followed several California cases based upon a similar statute. In addition to the cases cited in that case, see *Dickey v. Gibson,* 121 Cal. 276, 53 Pac. 704; *Finger v. McCaughey,* 119 Cal. 59, 51 Pac. 13."

In the case of *Curtis' Adm'r v. Sutter et al.,* 15 Cal. 260, which was a suit by the administrator to quiet title to real estate which belonged to deceased, it is said in the syllabus:

"In this state all property of the deceased, real and personal, remains in the possession of the administrator until administration of the estate is had, or a decree of distribution is made by the probate court. The administrator, until then, is the proper party plaintiff in a suit to quiet title to the estate."

In this state, by virtue of section 5347, *supra,* all property of the deceased, real and personal, remains in possession of the administrator until administration of the estate is had, or a decree of distribution is made by the probate court. The administrator, until then, is a proper party to a suit to quiet title to the estate. In the body of the opinion, it is stated by the court:

"The objection that the suit is improperly brought in the name of the administrator is untenable. By the law of this state, all property of the deceased—real and personal—remains in the possession of the administrator, until administration of the estate is had, or a decree of distribution is made by the probate court. The suit is rightfully brought in his name, and is prosecuted for the benefit of the estate."

In the case of *Teschemacher v. Thompson*, 18 Cal. 11, 79 Am. Dec. 151, the Supreme Court of California upheld the power and authority of the administrator to prosecute the suit.

The Supreme Court of Wisconsin, in the case of *Wheeler, Adm'r, v. Single*, 62 Wis. 380, 22 N. W. 569, stated:

"An administrator may bring an action to remove from the records certain conveyances which are alleged to have been executed in fraud of his intestate, and to restore an altered or mutilated deed and the record thereof, and remove the cloud so created from the title of the intestate lands."

The Circuit Court of Appeals of the Ninth Circuit, commenting and quoting from the case of *Cunningham v. Ashley*, 45 Cal. 485, stated:

"That an administrator appearing in an action involving the interest of the estate represents as well the heirs as the creditors of the deceased is well settled. But he represents not only the interests of heirs and creditors, but also the title which the deceased had at the time of his death. When, therefore, in an action of ejectment, an administrator, seeking to recover the real estate of his intestate, alleges upon the record the seisin of that intestate, he thereby tenders an issue directly upon the title of the premises. If issue be joined by the defendant upon this point, and judgment be rendered, it is necessarily an adjudication that the title of the intestate was or was not superior to the title set up, or which might have been set up by the defendant in the action."

Again, the Circuit Court of Appeals, in the case of *Hearfield v. Bridges et al.*, 75 Fed. 49, 21 C. C. A. 212, uses the following language:

"In view of * * * the statute, it becomes unnecessary to inquire into what is the nature of the title of an administrator, either as to the lands or goods of his intestate, or whether he can be properly said to have in himself any title whatever to either. The principle of law upon which the estoppel rests has reference to the fact that in the former action the hostile titles were directly opposed before the court rendering the former judgment, and that the superiority of the one over the other was ascertained and fixed by that judgment. That an administrator appearing in an action involving the interests of the estate represents as well the heirs as the creditors of the deceased is well settled. But he represents, not only the interest of heirs and creditors, but also the title which the deceased had

at the time of his death. * * * Title is the means by which the right to possess property is made to appear. The authority conferred and the duty expressly imposed by statute upon the administrator, to institute actions to recover real property belonging to the estate which he administers, necessarily import that he is to make such averments in pleading, and support them, if he can, with such proof as would entitle him in point of law to recover the possession of the premises by the judgment of the court. The title upon which he is to recover is not his own title, nor that of the heirs or the creditors he represents, but the title of the intestate. The seisin upon which he must rely is the seisin which the deceased had at the time of his death. It is that title and that seisin which is put in issue, and the sufficiency of which is determined, by the judgment rendered in the action. * * * All these consequences flow from the statutory right of the administrator to sue for the recovery of the estate of the deceased; otherwise there is the anomaly of an action brought, and a judgment rendered upon the issue joined, by which judgment, however, nothing is, in effect, determined, and no one concluded."

Many more cases might be cited to sustain this rule, but we deem it not necessary. The rule laid down by this court in the case of *McClung v. Cullison, supra,* cited with approval by this court in the case of *Brocker, Adm'r, v. Stallard, supra,* has been adhered to by different courts and the statute construed and applied in actions involving the right to possession of real property in ejectment suits, also in suits to remove cloud and quiet title; and in all of these cases, it is held that the heirs are not necessary parties. The statute under consideration appears to be very clear and subject to no construction other than has been given by this court and by the Supreme Court of California, from which state this statute was taken. The federal court has had occasion to construe this same statute from California, and has uniformly followed the construction given it by the Supreme Court of California, with approval. From the foregoing, we conclude that the heirs of Wilson M. Purcell, deceased, were not necessary parties to the proceeding in the trial court, and hence are not necessary parties in this court; that this court is not deprived of jurisdiction by reason of the fact that no summons in error was served upon Lucretia Bohot and that she has not voluntarily

made her appearance in this court. The fact that plaintiff deemed it proper to make them parties to the proceeding in the trial court and that he endeavored to bring them all into this court, without success, does not in the least militate against the right and authority of the administrator to represent the interests of the heirs in said proceeding, nor in any way affect the jurisdiction of this court.

The several motions to dismiss this proceeding are therefore denied.

All the Justices concur.