## ECHOLS et al. v. REEBURGH.

No. 7472—Opinion Filed Dec. 19, 1916.'

(161 Pac. 1065.)

1. **Mortgages—Foreclosure by Action—Demand for Deficiency Judgment.**

Suit to foreclose a real estate mortgage may be maintained without seeking personal judgment for the mortgage indebtedness.

2. **Jury—Right to Trial by Jury—Nature of Issue.**

In an action for foreclosure, where a defendant against whom no money judgment is sought by cross-petition sets up lack of understanding and incompetency in the maker of the note and mortgage, and upon that ground seeks the affirmative relief of cancellation of the note and mortgage, under

the authority of the decision of this court in Maas et al. v. Dunmyer, 21 Okla. 434, 96 Pac. 591, and of Hartsog v. Berry, 45 Okla. 277, 145 Pac. 328, such defendant is not entitled to a jury trial upon the issue of the lack of understanding of such maker.

**3. Appeal and Error — Mortgages — Foreclosure—Evidence—Review.**

In an equity case, where the judgment of the trial court is not against the weight of the evidence, it will be sustained. . Record examined and held, that the judgment of the lower court is sustained by the weight of the evidence, except as indicated.

**4. Infants — Judgment—Process — Effect of Defects on Codefendants.**

Service of summons upon an infant can-. not be waived; no one can appear for him in defense of an action prior to such service of summons; the defense of an infant must be made by guardian ad litem, who cannot be appointed until after such service of summons; and a judgment rendered against a minor defendant without service of summons and appointment of guardian ad litem is void; but, where minor defendants are not necessary parties, and the judgment is properly rendered as to all necessary parties, it will be sustained as to such parties against whom it is so properly rendered.

**5. Appeal and Error—Disposition of Cause —Reversal with Directions.**

Record examined, and held, that the judgment was improperly rendered as to certain minor defendants and in so far as money liability was adjudicated against adult defendants in foreclosure, but, the judgment being properly entered as against such adult defendants for foreclosure of mortgage, the judgment is reversed, and the cause remanded, with directions to the trial court to enter judgment in accordance with this opinion.

(Syllabus by Johnson, C.)

Error from District Court, Greer County; Will Linn, Judge.

Action by S. P. Reeburgh against R. C. Echols, Jr., and others. Judgment for plaintiff, and defendants bring error. Reversed. and remanded, with directions.

W. W. Noffsinger, Y. P. Broome, and Frank O. Eagin, for plaintiffs in error.

H. D. Henry, for defendant in error.

Opinion by JOHNSON, C. Upon March 19, 1909, to secure the payment of his promissory note of the same date in the sum of $1,116, one R. C. Echols executed to one G. C. Keeling his two mortgages covering the following described property, to wit: Lot 7 in block 19 of the original town of Mangum, Okla., and lots 39, 40, 41, and 42 in block 7, Irvington addition to the city of Oklahoma City, Okla. Such note was given in payment of another note upon which the said R. C. Echols was surety. The note and mortgages of March 19, 1909, were assigned by Keeling to S. P. Reeburgh.

This action was brought by Reeburgh against R. C. Echols, Jr., Ima Echols, Ora May Echols, and Sallie S. Echols, heirs of R. C. Echols, deceased, and Sallie S. Echols, G. C. Keeling, and J. A. Springer, and Sallie S. Echols, as natural guardian of R. C. Echols, Jr., Ima Echols and Ora May Echols, minor heirs of R. C. Echols, deceased, for foreclosure of the said real estate mortgages, and to recover a money judgment as against the said G. C. Keeling, indorser of the said note. Service of summons does not appear to have been had upon the said Keeling, nor upon either of said minors, R. C. Echols, Jr., Ima Echols, and Ora May Echols; and no guardian ad litem was appointed for the said minors. Keeling did not appear in the action; but the other defendants, including the minors, purported to enter a general appearance and defend the action.

The appearing defendants generally denied the allegations of the petition, including the execution of the note and mortgages, and set up that at the time of the purported execution of such instruments the maker, R. C. Echols, was ill in a hospital in Oklahoma City as a result of a serious surgical operation, from the effects of which illness he later died, and that at the time of the purported execution of such instruments, as a result of such illness, the said R. C. Echols was in a semiconscious condition, suffering with intense pain, was unable to and did not understand the nature and effect of the instruments, and was incapable of transacting or understanding any business transaction, and that the said note and mortgages were knowingly and fraudulently obtained from the said R. C. Echols while he was in such condition, and were without any consideration; and, based upon these allegations, the answer of said appearing defendants asked for the cancellation of the said note and mortgages, the latter as a cloud upon the real estate, and for such other and further relief as might have seemed equitable and just in the premises. While this pleading was denominated as an answer, it asked for affirmative relief, and in fact was an answer and cross-petition. Such answer and cross-petition alleged that the party obtaining the execution of the note and mortgage on behalf of the payee and mortgagee was the agent of plaintiff in this cause, and in fact acting for plaintiff and with his full knowledge.

The answer and cross petition was not verified and there was no evidence tending to controvert the execution of the note and mortgages; therefore that question does not enter into the appeal. The reply was an unverified general denial, thus not controverting the allegation that the taker of the instruments was the agent of plaintiff, and there was no evidence upon that point; and therefore the question of innocent third party is not in the appeal. Also these questions are not presented by the briefs of the parties.

At the trial plaintiff rested after the introduction of the note and mortgages, whereupon the defendants introduced their evidence tending to sustain the allegations of the answer and cross-petition as to the incompetency of R. C. Echols at the time of the execution of the instruments in question. There was no evidence of fraud or lack of consideration, but it appeared that the note and mortgages in question were executed in payment of the surety note hereinabove mentioned. At the conclusion of the evidence of defendants, on motion of the plaintiff, the court directed the jury to render a verdict in favor of plaintiff.

Upon the directed verdict the court rendered judgment for plaintiff against "R. C. Echols et al." for the sum of $1,943.70, being principal of the note, interest and attorney's fees, and "that the real estate above described be sold as upon execution to satisfy and pay the same, after a period of six months after the date of this judgment, 'appraiser of said mortgage having been made.' " From this judgment, and order denying motion for new trial, said appearing defendants have appealed.

The pivotal propositions here submitted are: (1) That the lower court erred in not submitting the case to the jury and in directing a verdict for plaintiff; and (2) that the court erred in rendering judgment for the plaintiff upon the evidence introduced in the case.

If the issues involved were such that the parties were entitled to a jury trial, there was error in the direction of a verdict, for there was sufficient evidence upon the part of defendants, as to the main fact in issue, viz. the incompetency of mortgagor to take the case to the jury if the issue was triable to a jury. However, under the rules heretofore announced by this court, the issues were triable in equity to the court, and not to a jury as a matter of right.

In the case of Maas v. Dunmyer, 21 Okla. 434, 96 Pac. 591, Maas alleged that at the time of the execution of a deed in controversy there he was insane and without understanding, and upon this allegation asked for the affirmative relief of the cancellation of the deed. The suit was one for foreclosure of a mortgage executed by a grantee of Maas, and did not seek a money judgment against Maas. This court held that this issue involved the application of equitable doctrines, and was the predicate for relief that only a court of equity could give, and said:

"In an action for foreclosure, where a defendant against whom no money judgment is sought by cross-petition in his answer sets up a defense and alleges a cause of action involving the application of equitable doctrines, and seeks relief that only a court of equity can give, such defendant is not entitled to a jury trial on the issues raised by his cross-petition."

As applicable to other classes of actions and conditions of fact, a similar result was reached by this court in the case of Hartsog et al. v. Berry et al., 45 Okla. 277, 145 Pac. 328, and in a number of cases cited in this last-named case, where it was held that, in an equitable action to quiet title to land, a cross-petition in ejectment would not entitle a defendant to a jury trial, as a court of equity, having already obtained jurisdiction of a purely equitable action, would retain such jurisdiction until the equitable issues were settled.

In the present case plaintiff, as against appellants, sought foreclosure only, and not a personal judgment. The provisions of section 5128 of the Revised Laws of 1910, as amended by chapter 175 of the Session Laws of 1915, for personal judgments in actions to foreclose mortgages, are for the benefit of the lien creditor, and may be waived by him. This is the evident intention of the language used, and any other construction of that section would produce such a destructive effect upon the rights of lienors in a great many cases as could hardly have been intended by the legislative power. In a number of cases this court has held that suits in foreclosure may be maintained without seeking a personal judgment. Tracey v. Crepin, 40 Okla. 297, 138 Pac. 142; Brocker v. Stallard, 34 Okla. 612, 126 Pac. 781; McClung v. Cullison, 15 Okla. 402, 82 Pac. 499.

In this case the same defense which in Maas v. Dunmyer, supra, was held to be equitable was interposed by way of cross-petition. While a personal judgment was rendered against appellants, it was improper, and not justified by the issues, the evidence, or the law, and cannot influence the

question as to whether the defendants were entitled to a jury trial.

As to the issue of lack of understanding, the pleadings and circumstances of this case are identical with those in the case of Maas v. Dunmyer, supra; and, following the authority of that case, supported by Hartsog v. Berry, supra, and cases therein referred to, we must hold that in this case defendants were not entitled as of right to a jury trial. The direction of the verdict, under this holding, amounted to a decision of the case by the court, and was not error, if not against the weight of the evidence; for in the case of Hartsog v. Berry, supra, and kindred cases therein cited, it was held that in an equitable action the court is not bound by the verdict of a jury, and error in instructing a jury in such cases is harmless.

As to the assignment that the court erred in rendering judgment for plaintiff and against the appearing defendants, the finding of the lower court, necessarily involved in the judgment that defendants had not sustained the burden of proving the lack of contractual capacity in R. C. Echols at the time of the execution of the note and mortgages, and that the plaintiff was entitled to foreclosure of the mortgages, is reasonably supported by the evidence, and not against the weight of the evidence.

The evidence of defendants showed that R. C. Echols was operated upon on March 14th for an abscess in the upper jaw, and remained in the hospital 10 or 15 days before going to his home at Mangum, Okla.; that he remained under an anesthetic about 24 hours. The attending physicians for defendants testified that thereafter for several days when he had fever he was semiconscious, but that when not under the influence of the fever he seemed perfectly sane if anything important came up. There was no evidence that at the time of the execution of the instruments he was under the influence of fever; but this occurred some five days after the operation, when, as indicated by the expert testimony, he was rallying from the effects of the operation. He attended to the arrangement of the expenses of his illness, and later, while still in about the same condition, executed to his wife deeds to the property in question, under which the defendants Sallie S. Echols, the widow, and J. A. Springer, grantee of the widow as to a half interest in such lands, are claiming such property in this action. One of the physicians testified that it was his recollection that he had told the party who took the note and mortgages that he could see Echols if he went to Oklahoma City.

Echols was doubtless in such a physical and mental condition that a court of equity would very carefully scrutinize any evidence of fraud in a transaction with him at the time, and instantly set aside any instrument as to which the least degree of fraud existed; but there was no satisfactory evidence showing that his mind could not meet another upon the ground of fair dealing. There is no evidence of fraud, but the note was given in settlement of a then existing liability as to the validity of which not the least question is made. In addition to this, the old note was surrendered to Echols at the time, and later came into the hands of Sallie S. Echols. The adult defendants promised from time to time to settle the new note and mortgage, and made no question of the incapacity of Echols for more than four years, and until the old note seems to have been barred by the statute of limitations.

The finding of the lower court against the issue of lack of understanding, and in favor of the foreclosure, is not against the weight of the testimony; and the rule of this court on appeals in equity cases is that, unless the finding and judgment of the trial court are clearly against the weight of the evidence, they are conclusive upon this court. Board of Com'rs of Woodward Co. v. Thyfault, 43 Okla. 82, 141 Pac. 409.

However, there was no pleading or evidence to sustain a money judgment against any of the defendants who were parties to the judgment of the lower court; and the lower court was without jurisdiction to render any judgment whatsoever, for money or for foreclosure, as against the minor defendants, R. C. Echols, Jr., Ima Echols, and Ora May Echols, for the reason that no service of summons was had on any of such minors and no guardian ad litem was appointed for them.

This court has held that service of summons upon an infant cannot be waived; that no one can appear for him in defense of an action prior to such service; that his defense must be made by a guardian for the suit, who cannot be appointed till after service; and that a judgment rendered against a minor defendant without service of summons and appointment of a guardian ad litem is void. Condit v. Condit, 66 Oklahoma, 168 Pac. 456; Bolling v. Campbell, 36 Okla. 671, 128 Pac. 1091; Scott v. Brown, 40 Okla. 184, 137 Pac. 113.

The judgment of the lower court as to the minor defendants must therefore be reversed. However, the evidence at the trial disclosed that the said minor defendants

have no interest in the real property involved, and that prior to his death the mortgagor had conveyed the property to the defendant Sallie S. Echols, who later conveyed an undivided one-half interest in the property to the defendant J. A. Springer. This being true, the minor defendants were not necessary parties to the action, and judgment of foreclosure would be properly rendered as against Sallie S. Echols and J. A. Springer, adult defendants and owners of the equity of the mortgagor in the property; for this court has held that, where the minor heirs of a mortgagor are not necessary parties to an action and judgment of foreclosure of a real estate mortgage, such minor heirs would not be necessary parties on appeal, and the omission of such heirs as parties to the appeal will not deprive this court of jurisdiction to sustain the judgment of foreclosure as to the necessary parties who are parties to the appeal. Jameson v. Goodwin, 43 Okla. 154, 141 Pac. 767.

The petition did not seek a money judgment against Sallie S. Echols or J. A. Springer, and the evidence did not show that they had assumed the mortgage indebtedness. The money judgment therefore against these defendants was improperly rendered. However, regardless of these defects, this being an equity action, and the judgment of foreclosure being proper as against Sallie S. Echols and J. A. Springer, this court will render or direct the rendition of the judgment which should have been rendered in the trial court. Consolidated Steel & Wire Co. v. Burnham, 8 Okla. 514, 58 Pac. 654; Shenners v. Adams, 46 Okla. 368, 148 Pac. 1023; Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238.

The judgment of the lower court should be reversed, and the cause remanded, with directions to the lower court to permit plaintiff to dismiss the said action without prejudice as to the said minor defendants, R. C. Echols, Jr., Ima Echols, and Ora May Echols, and to enter judgment in favor of plaintiff and against the defendants Sallie S. Echols and J. A. Springer, adjudging the amount due from and unpaid by the estate of the mortgagor to the plaintiff, and for foreclosure of said mortgages and the sale of the mortgaged property in satisfaction of such indebtedness so found to be due and unpaid, with costs, and for such other relief as may be incident to such foreclosure and sale and to which plaintiff may be entitled in the premises, the costs of this appeal to be divided equally between plaintiff and the defendants Sallie S. Echols and J. A. Springer,

half to plaintiff and the other half to the said last-named defendants.

By the Court: It is so ordered.