**BLEDSOE, Adm'r. et al. v. GREEN.**

No. 18871. Opinion Filed Feb. 5, 1929.

Rehearing Denied Sept. 10, 1929.

Goode & Dierker, for plaintiffs in error.

Clarence Robison and John T. Young, for defendant in error.

ANDREWS, J. Robert L. Perry was the owner of the real estate involved in this action and together with his wife, Jettie Perry, and two minor children, Jewell Lee Perry and William Robert Perry, occupied the same as their homestead and home. He and his wife executed a promissory note and mortgage on the land to the defendant in error, R. C. Green. After his death his wife and two minor children continued to occupy the premises as their home and homestead, and his wife, Jettie Perry, filed her application for appointment as administratrix of the estate of Robert L. Perry, deceased. This application showed the land involved in this action to be the homestead of Robert L. Perry, and on that application she was appointed administratrix over the estate of Robert L. Perry, deceased.

Thereafter R. C. Green, the defendant in error. instituted suit in the district court of Pottawatomie county, Okla., where the land was situated, against Jettie Perry, as administratrix of the estate of Robert L. Perry, deceased, and Jettie Perry, personally, to recover judgment on the said note and for foreclosure of said mortgage. Judgment was rendered in favor of the plaintiff therein and against Jettie Perry, as administratrix of the estate of Robert L. Perry. deceased, and Jettie Perry personally, and each of them, on the real estate mortgage for foreclosure of the real estate mortgage. The judgment recited that the mortgage contained the words "appraisement waived," and ordered the property sold after the expiration of six months, "without appraisement." The copy of the mortgage attached to the petition contained the words "appraisement waived," but neither the note nor mortgage filed and canceled into judgment contained these words or otherwise waived appraisement.

After the expiration of six months from the date of the judgment an execution and order of sale was issued to the sheriff of Pottawatomie county commanding him to advertise and sell, according to law, without appraisement, the lands involved in the action, and the sale thereof was made, without appraisement, to the defendant in error, R. C. Green, the date of the sale being September 22, 1925.

Thereafter Jettie Perry resigned as administratrix of the estate of Robert L. Perry, deceased, and C. H. Bledsoe was appointed administrator and guardian of the estate of Jewell Lee Perry and William Robert Perry, minor children of Robert L. Perry, deceased. C. H. Bledsoe, administrator of the estate of Robert L. Perry, deceased, Jettie Perry, and C. H. Bledsoe, guardian of the estate of Jewell Lee Perry and William Robert Perry. minors, on the 29th day of December, 1926, filed in the district court of Pottawatomie county, Okla., their motion and petition alleging that the sale of said property to the said R. C. Green was void and of no effect for the reason, among others, first. that the sale was made without appraisement when appraisement was waived neither in the note nor mortgage; and, second; the court had no jurisdiction over the persons of Jewell Lee Perry and William Robert Perry for the reason that they were not parties to the action and no summons was issued or served upon them or either of them or any person for them, or either of them. There were a number of other objections stated in the motion and petition, none of which are considered here for the reason that they are all matters that could only be presented to this court by an appeal from the original judgment.

Service of summons was had upon R. C. Green and the cause came on regularly for trial and at the trial judgment was rendered by the trial court.

"That the motion and petition of the movants, C. H. Bledsoe, administrator of the estate of Robert L. Perry. deceased, and Jettie Perry and C. H. Bledsoe, guardian of Jewell Lee Perry and William Robert Perry, minors. is herewith denied."

Thereafter a motion for new trial was filed and overruled, and the movants therein brought the matter to this court as plaintiffs in error, making the plaintiff in the first case, R. C. Green, the defendant in error.

Plaintiffs in error aver in their petition in error ten reasons why the judgment of the district court of Pottawatomie county denying the motion to vacate the judgment of foreclosure and the order confirming the sale and the order overruling the motion

for new trial should be reversed, and summarize the same in their brief under three general heads, as follows:

"First. The lower court erred in refusing to vacate the order confirming sale on the motion and petition of plaintiffs in error, because the judgment confirming sale of plaintiffs in error's land without appraisement is void.

"Second. The lower court erred in not sustaining the motion of plaintiffs in error to set aside the judgment of foreclosure and confirmation of sale thereunder, because the judgment foreclosing the mortgage upon the homestead of the deceased mortgagor, Robert L. Perry, is void, for lack of service upon the minor heirs of Robert L. Perry, deceased.

"Third. The lower court erred in refusing to vacate the judgment of foreclosure and the order confirming sale, because the judgment was obtained by the fraud of defendant in error and his attorneys."

We will consider these in the order stated.

The judgment of the trial court found and adjudged that appraisement was waived in the mortgage. We do not understand the basis on which the trial court made this finding, as an examination of the mortgage canceled and merged into judgment discloses no such provision. We assume that the finding of the court was based either on the provision in the copy of the mortgage attached to the petition or the language of the mortgage canceled and merged into judgment reading as follows:

"And the said parties of the first part for said consideration do hereby expressly waive all benefits of the homestead exemption and stay laws of the state of Oklahoma."

This language has been construed by this court in Brown v. State Nat. Bank of Shawnee, 133 Okla. 173, 271 Pac. 833, decided by this court on November 29, 1927, wherein Mr. Justice Riley said:

"Appellants urge that the express waiving of all benefits of the homestead exemption and stay laws of the state of Oklahoma' was equivalent to waiving appraisement. We do not agree."

And under the rule announced therein the mortgage canceled and merged into judgment in this action did not waive appraisement. This point is determined for the guidance of the trial court in its future action with reference to this mortgage.

It is the contention of the plaintiffs in error that this judgment is void and should have been set aside on the petition of plaintiffs in error because the mortgage canceled and merged into judgment did not "waive appraisement," and they cite in support thereof Brown v. State Nat. Bank of Shawnee, supra. We agree with plaintiffs in error in so far as the rights of Jewell Lee Perry and William Robert Perry are concerned, but we do not agree with their contention in so far as Jettie Perry is concerned. Jettie Perry, being properly before the court, had a right of appeal from the judgment which she did not exercise, and she thereby waived her right to question this judgment.

The rule announced in Brown v. State Nat. Bank of Shawnee, supra, as follows:

"It is apparent that neither 'appraisement waived' nor words of similar import were used in the mortgage exhibited in the judgment roll. Thus the judgment clashes with the face of the record; it clashes with the statute. It went beyond and contrary to the powers given by the statute. It is void. A decree which is entirely aside of the issues raised in the record is invalid, and will be treated as a nullity, even in collateral proceedings"

—does not apply to the facts in this case. In the judgment under consideration there was no finding or judgment that the mortgage contained the words "appraisement waived." In the judgment attacked here the court found "that the said mortgage contains the words 'appraisement waived.'" That finding and the judgment based thereon, construed in connection with the petition and copy of the mortgage attached thereto, is, to say the most, voidable. Thomas et al. v. Deming Investment Co., 105 Okla. 187, 232 Pac. 111.

The court had the right to construe the mortgage; the court did construe the mortgage; the construction placed upon the mortgage by the court is conclusive except upon appeal. Holleman v. Cushing, 84 Okla. 156, 202 Pac. 1029. No appeal having been taken, this judgment became, and is, final as to Jettie Perry. The fact that no service of summons was had upon Jewell Lee Perry and William Robert Perry does not affect the judgment as to Jettie Perry. Burns v. Pittsburg Mortgage & Investment Co., 105 Okla. 150. 231 Pac. 887.

It is the contention of the plaintiffs in error that under the rule announced in Nero v. Brooks, 116 Okla. 279, 244 Pac. 588, and Pettis v. Johnston, 78 Okla. 277, 180 Pac. 681, this judgment is void as to Jettie Perry. We do not agree. The provision of the statute that a void judgment may be vacated at any time on motion applies only when the

invalidity of the judgment appears on the face of the judgment roll. Crouther v. Schoonover, 130 Okla. 249, 266 Pac. 777. The mortgage canceled and merged into judgment is no part of the judgment roll. State Bank of Dakoma v. Weaber, 125 Okla. 186, 256 Pac. 50. This judgment is not void upon its face, and the court committed no reversible error in refusing to vacate the judgment as to C. H. Bledsoe, administrator of the estate of Robert L. Perry, deceased, and as to Jettie Perry.

The judgment is void in its entirety as to Jewell Lee Perry and William Robert Perry, minor children of Robert L. Perry, deceased, for the reason that neither of them was a party to the suit and no summons was issued for or served upon them or either of them or any person for them or either of them. The trial court committed reversible error in denying the petition of these minors to vacate the judgment as to them and the sale of real estate had pursuant thereto.

The plaintiff in that case proceeded on the theory that the administrator was the only necessary party defendant, but joined therein as defendant, Jettie Perry, the wife of the deceased. Under the provisions of section 1198, C. O. S. 1921, as construed by this court in McClung v. Cullison et al., 15 Okla. 402, 82 Pac. 499, and Jameson v. Goodwin, 43 Okla. 154, 141 Pac. 767, the administrator is the only necessary party to an action for foreclosure of a real estate mortgage, but neither this statute nor these decisions are applicable where the land involved constitutes the inherited homestead of the widow and the minor children. The land involved in this action constituted the homestead of the decedent, who lived thereon with his wife and two minor children at the time of his death. The application for the appointment of the administratrix shows:

"The said land is the homestead of this petitioner. who is the widow of said deceased, and of the minor children of said deceased"

—and prays that

"the said real estate be set apart for the said petitioner and her minor children as the homestead of the petitioner and her minor children"

—and it is admitted by the parties hereto in the briefs that at the time of the death of the said Robert L. Perry this land constituted the homestead of the widow and the minor children. This being true, section 1198, C. O. S. 1921, is not in point and Mc-

Clung v. Cullison et al., supra, and Jameson v. Goodwin, supra, are not decisive of this question.

It is the contention of the defendant in error that Jettie Perry, as the mother of the minor children, abandoned the homestead prior to the institution of the suit to foreclose the mortgage. We have examined the record in this case, and it is our opinion that the evidence does not sustain this contention.

The homestead is not an asset of the estate. Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 Pac. 513; Kimberlin v. Anthony, 124 Okla. 170, 254 Pac. 1; Jameson v. Goodwin, supra.

The widow and children are entitled to possession of whatever the homestead consists of at the time of the death of the spouse. In re Estate of Gardner, 122 Okla. 26, 250 Pac. 490; Scott v. Scott, 131 Okla. 144, 268 Pac. 245.

The case of McClung v. Cullison et al., supra, construes section 1198, C. O .S. 1921, as being borrowed from the California statutes, and by the rule announced in the California cases. In the later case of Morrissey v. Gray et al., 117 Pac. 438, the California court had under consideration the effect of that statute upon the rights of the widow and minors where the land involved was an inherited homestead, and the court said:

'Where a mortgaged homestead was set apart to a widow and minor children and the mortgage is sought to be foreclosed by service on the widow as administratrix only and not on the children, their interest was not affected either by sheriff's deed to the purchaser or by deeds executed by the purchaser to others."

That decision is in line with the established policy of Oklahoma with reference to inherited homesteads as stated in Echols v. Reeburgh, 62 Okla. 68, 161 Pac. 1065, wherein the fourth paragraph of the syllabus provides:

"Service of summons upon an infant cannot be waived; no one can appear for him in defense of an action prior to such service of summons; the defense of an infant must be made by guardian ad litem, who cannot be appointed until after such service of summons; and a judgment rendered against a minor defendant without service of summons and appointment of guardian ad litem is void; but, where minor defendants are not necessary parties, and the judgment is properly rendered as to all necessary parties, it will be sustained as to such parties against whom it is so properly rendered."

See, also, State National Bank v. Lokey, 112 Okla. 82, 240 Pac. 101.

An inspection of section 1198, C. O. S. 1921, discloses that that section is applicable only "in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

Had Perry alone signed this mortgage on his homestead, it would have been void. Carter Oil Co. v. Popp et ux., 70 Okla. 232, 174 Pac. 747; Thomas et al. v. James, 84 Okla. 91, 202 Pac. 499; Baker v. Grayson et al., 86 Okla. 159, 207 Pac. 301; Fetterman v. Franklin, 88 Okla. 1, 211 Pac. 403. A suit against Perry alone during his lifetime would have given the court no jurisdiction to sell the homestead. It would have been necessary that his wife be joined with him before the homestead could have been sold. Pettis v. Johnston, supra. Since the rights of a wife in a homestead during the lifetime of her husband can be foreclosed only where she is joined in the action, it logically follows that the rights of a widow and minor children in an inherited homestead can be foreclosed only by joining them as defendants in an action. That being true, the wife and minor children are necessary parties here. A mortgage is sought to be foreclosed on the homestead, and it is not sufficient that the administrator alone be made defendant in the action. Where the land involved constitutes the homestead, it is not a case where the action may be maintained against the intestate, but, under the homestead law, it may be maintained only when those entitled to the inherited homestead rights are joined as parties defendant.

Personal service was had upon Jettie Perry as an individual. The personal judgment against her, the judgment for foreclosure of the mortgage, and the sale of land thereunder are not affected as to her by this rule.

Upon the death of her husband, she had the right to continue to possess and occupy the homestead until it was otherwise disposed of according to law. Section 1224, C. O. S. 1921. The phrase, "until it is otherwise disposed of according to law," as used in this section, means that the homestead may be sold upon foreclosure of any mortgage thereon executed by both husband and wife. Pioneer Mortgage Co. v. Carter, supra. The mortgage in question was executed by the husband and wife, and the judgment finding jurisdictional facts and ordering the sale of the property, even though it was a homestead, is a valid judgment as against Jettie Perry. However, the rights of the minor children under section 1224, C. O. S. 1921, are not cut off by the sale of the interest of their mother in the property, and we call attention to this for the guidance of the trial court in its further action with reference to foreclosure of this mortgage against the minor children.

We think there is no merit in the contention that the judgment was obtained by fraud of the defendant in error and his attorneys. An examination of the record shows no fraud either of the defendant in error or his attorneys. The defendant in error was attempting to collect the money due him, and there is nothing in this record to indicate any attempt to defraud.

This cause is reversed, with directions to the district court of Pottawatomie county to vacate the judgment, the order of sale, and the sale of real estate herein, and to set aside the sheriff's deed to the land involved as to Jewell Lee Perry and William Robert Perry, minor children of Robert L. Perry, deceased, and C. H. Bledsoe as their guardian. The cause is affirmed as to Jettie Perry and C. H. Bledsoe, administrator of the estate of Robert L. Perry, deceased.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur.

CULLISON, J., absent.