## BAILEY et al. v. WOOD.

No. 27867.   Oct. 4, 1938.

Arden E. Ross, for plaintiffs in error Wm. S. Bailey, Jr., and E. B. Langley.

Norvell & Norvell, for plaintiff in error Russell B. Patterson.

Courtland M. Feuquay and Amos T. Hall, for defendant in error.

WELCH, J.  From a judgment of the district court of Lincoln county wherein plaintiff prevailed, the defendants have appealed.

The action was one in partition, and the defendants denied plaintiff's title, asserting exclusive ownership of the real estate involved, and by cross-petition asked the court to quiet their title as against the plaintiff.

One of the questions brought here is whether or not the plaintiff is estopped by a former judgment of the district court of Lincoln county wherein the administrator of the estate of W. J. Wood, Sr., sued the principal defendant here for the recovery of the same land here involved. The plaintiff herein claims title as an heir at law of W. J. Wood, Sr.

The former suit by the administrator resulted in a judgment against the administrator, and therein the title of the principal defendant, being the same person as the principal defendant here, was quieted. Plaintiff contends that she was not estopped thereby, because she was not a party to the former suit.

It follows that we must consider the following proposition advanced here by the defendants. We quote:

"A judgment against an administrator, in an action brought by the administrator putting in issue the title of his intestate, is binding upon the heirs at law of the intestate."

We consider it well settled that the administrator, under the facts here shown, represented the interest of the heirs of W. J. Wood, Sr., in the former suit, and represented the title which the deceased had at the time of his death, and that such heirs were concluded by the judgment rendered in such former suit.  Jameson v. Goodwin et al., 43 Okla. 154, 141 P. 767; McClung v. Cullison et al., 15 Okla. 402, 82 P. 499, and Cunningham v. Ashley, 45 Cal. 485. See section 1194, O. S. 1931, 58 Okla. St. Ann. sec. 252.  See, also, Treese v. Spurrier Lbr. Co., 115 Okla. 188, 242 P. 235, and Bledsoe v. Green, 138 Okla. 15, 280 P. 301, and Barnes v. Logsdon, 178 Okla. 645, 63 P.2d 964, which cite with approval Jameson v. Goodwin, supra, and McClung v. Cullison, supra.

The record does not support the plaintiff's contention that under the pleadings in the former case the administrator was not there representing the interests of the heirs, or that the judgment rendered therein was without the issues.  That judgment appears regular, has become final, and the plaintiff in this suit claiming as an heir at law of W. J. Wood, Sr., is thereby estopped from asserting such claim herein.

The conclusion which we have reached on the above question renders it unnecessary to consider other questions presented and discussed in the briefs.

The judgment of the trial court is reversed, and the cause is remanded with instructions to render judgment quieting title in the defendants in conformity with their cross-petition.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.  OSBORN, C. J., and HURST and DAVISON, JJ., absent.