GLENN et al. v. HACKENBERG.

*96 P. 2d 74.*

No. 29038. Oct. 24, 1939.

Rehearing Denied Nov. 21, 1939.

Application for Leave to File Second Petition for Rehearing Denied Dec. 5, 1939.

Amil H. Japp and S. R. Harper, both of Lawton, for plaintiffs in error.

Walter Hubbell, of Walters, for defendant in error.

DAVISON, J. This action to foreclose a real estate mortgage was instituted on the 13th day of August, 1935, in the district court of Comanche county by E. H. Hackenberg, as plaintiff, against Edythe Glenn, Carrie Japp, and Bertha Hunter and Amil H. Japp, as administrator of the estate of Frank Hackenberg, deceased.

The plaintiff in his petition asserted the existence of an indebtedness evidenced by a promissory note bearing date of January 6, 1928, payable on January 6, 1931, for the principal sum of $1,000 and bearing interest at the rate of 7 per cent. per annum. The note also provided t h a t defaulting interest should bear interest at the same rate as the principal a n d f o r an attorney's fees amounting to 10 per cent. of the principal and interest. The note was signed by Frank Hackenberg and Lydia Hackenberg, husband and wife. At the time of the execution of the note, and to secure its payment, the makers of the note joined in the execution of the real estate mortgage, sought to be foreclosed by the plaintiff. The title to the mortgaged real estate stood in the name of the husband.

The makers of the note and mortgage departed this life subsequent to the execution of the instruments and prior to the institution of this action. They are said to have died intestate and the parties to this action (plaintiff and defendants, except the administrator) are said to be the heirs at law and as such the owners of the mortgaged real estate.

The defendants answered jointly. In their answer, as amended, various matters were averred as asserted affirmative defenses in addition to the general denial therein contained. It is unnecessary to review the matters thus affirmatively alleged, separate and apart from the proof in connection therewith. It is sufficient to observe that the scope of the pleading was sufficiently broad to comprehend evidence of the matters hereinafter mentioned in connection with the proof.

The joinder of issues was completed by a reply of the plaintiff which denied generally the averments of the answer.

The cause was tried to the court without the intervention of a jury, resulting in a decree adjudging the plaintiff to have a mortgage lien upon the real estate to secure the payment of the past due indebtedness, evidenced by the promissory note, and calculated by the court to amount to $2,169.14. The aggregate sum thus computed embraced $1,000 principal, $971.95 interest, and $197.19 attorneys' fees.

The defendants present the case on appeal, appearing herein as plaintiffs in error, thus reversing the order of appearance in this court. Our continued reference to the parties will be by their trial court designation.

The defendants assert that the judgment of the trial court is clearly against

the weight of the evidence and that upon consideration of the weight of the evidence a different judgment should be entered by this court. The defendants in this connection take the position that, since the plaintiff did not seek nor obtain a personal money judgment against any of the defendants, this cause should be classified as one of equitable cognizance and standards applicable to such actions should be considered in determining questions relating to the evidence. In support of this position reliance is placed upon Crawford v. Hemmingway, 116 Okla. 192, 244 P. 198; Echols et al. v. Reeburgh, 62 Okla. 67, 161 P. 1065.

The plaintiff takes the position that the rule regulating the sufficiency of evidence to support the judgment governing cases of legal cognizance should govern in this appeal and that the judgment should not be disturbed if there is any evidence tending to support it.

We deem it unnecessary to decide this point, since upon either theory our decision must be one of affirmance.

The plaintiff herein is the son of the deceased mortgagors. About 1918 he loaned them $1,000 to pay off a loan on their farm. This indebtedness was evidenced by a promissory note. It remained unpaid until 1928, when the note herein involved was executed for the principal amount of the debt and the real estate mortgage herein sought to be foreclosed was executed to secure the payment hereof. Prior to the execution of the note involved herein, no interest was collected on the continuing loan, but, as heretofore stated, the note executed in 1928 called for interest at the rate of 7 per cent. per annum and also provided that defaulting interest should bear interest.

The defendant Amil H. Japp moved on the land in 1932. According to his testimony, he entered into an agreement with the plaintiff whereby the mortgage involved herein was not to be foreclosed during the lifetime of the defendant Carrie Japp. In consideration of this forbearance, Japp says he undertook to place certain improvements thereon, and since Carrie Japp is still alive, the mortgage was not subject to foreclosure at the time this action was instituted. He also testified that he had an agreement whereby the interest on the loan would be waived. There is some discussion in the briefs concerning the sufficiency of these agreements to constitute contracts and thus be enforceable at law. A discussion of their sufficiency in this respect is wholly unwarranted in this opinion, since the existence of the agreements is flatly denied by the plaintiff. The defendants' testimony is not corroborated in vital respects, and weighing it against that of the plaintiff, we are unable to say that it clearly outweighs the same, especially in view of the decision of the trial court, who was in a position to observe the demeanor of the witnesses in giving their conflicting versions of the various conversations which took place between them.

As is frequently the case when legal controversies arise between relatives, various collateral elements and factors of an emotional nature have crept into the record. A review of these factors discloses that they do not strengthen the version of the transactions related by the defendant Japp in such a manner as to cause his testimony to clearly outweigh that of the plaintiff, nor do they serve to discredit plaintiff's testimony so as to destroy or impair its probative force.

After a careful consideration of the record, we are unable to say that the judgment of the trial court is against the weight of the evidence.

The defendants also urge error in computation of the accrued interest included in the judgment. They contend that interest in excess of a straight 7 per cent. per annum should not have been allowed. This argument overlooks the provisions of the note allowing interest on unpaid interest. No authorities are cited to the effect that such a contractual provision is invalid. Indeed, it is not urged that it is. The position seems to be that the trial court should have ignored the provisions of the note in computing

the interest. The argument is not sufficiently plausible to justify its approval without the citation of authority. Drum Standish Commission Co. v. First National Bank & Trust Co., 168 Okla. 400, 31 P. 2d 843.

In its judgment the trial court made a finding that the parties before it were all of the heirs of the deceased mortgagors. It is suggested in the briefs that the procedure adopted was not appropriate for that purpose. The question of whether some person not now before the court could, as an heir, assert an interest in the real estate notwithstanding this judgment, is a question not involved in this controversy. It will not be decided in this appeal.

The decision of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., concur.