[15004. Department Two.—May 20, 1893.]

HENRY GUTZEIT, RESPONDENT, v. JAMES C. PENNIE, ADMINISTRATOR, ETC., ET AL., DEFENDANTS. BOZO RADOVICH ET AL., APPELLANTS.

FORECLOSURE OF MORTGAGE—PARTIES—REPRESENTATIVES OF DECEASED MORTGAGOR—TRANSFER OF MORTGAGED PREMISES. — The personal representatives of a deceased mortgagor are not necessary parties to a foreclosure suit, where the mortgaged premises have been conveyed to third parties, and all recourse against the property of the estate, except the mortgaged premises, is waived; and a judgment of foreclosure in such a suit is valid as against the subsequent grantees.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Eugene N. Duprey*, for Appellants.

*Barker & Leib*, for Respondents.

*W. L. Gill*, for Defendant Palmer.

*J. R. Patton*, for Defendant Chielovich.

McFARLAND, J.—The only question in the case at bar requiring special notice is this: "Is a judgment foreclosing a mortgage valid as against grantees of the mortgagor and subsequent encumbrancers, although a representative of the deceased

mortgagor is not before the court at the time of the judgment —the plaintiff waiving all recourse against any of the property of the estate except the mortgaged premises? ·

The facts necessary to be stated are these: On the 25th of July, 1884, W. C. Palmer, since deceased, executed the note and mortgage sued on to one Nils Sjoholm, and immediately thereafter conveyed the mortgaged premises, and all his right, title, and interest therein to his wife, Mattie A. Palmer, who was made a defendant in this action. Sjoholm assigned the note and mortgage to plaintiff. Bozo Radovich and Henry Plageman claim an interest in the mortgaged premises under said Mattie A. Palmer; and they were also made defendants and appeared and defended. The mortgagor, W. C. Palmer, died before the commencement of the suit, and one Pennie had been appointed and was acting as the administrator of said Palmer, deceased. Pennie, as such administrator, was made a party defendant; but before the trial and judgment said Pennie was removed as administrator and no other administrator was appointed. The plaintiff in his complaint waived all recourse against any other property of the estate; and the decree of foreclosure was entered without the estate of Palmer being before the court in any other way than as above stated. Judgment and decree was rendered for plaintiff, and the said Radovich and Plageman appealed; and they contend that the decree of foreclosure was invalid and must be reversed because the estate of Palmer was not before the court at the time it was entered.

This position is not tenable. However the heirs of Palmer may be affected by the judgment, his personal representative was not a necessary party to the suit so far as the appellants herein are concerned. No one interested in the estate of said Palmer appeals; the appellants are merely subsequent grantees of Mattie A. Palmer, to whom the deceased conveyed all his interest in the mortgaged premises. The point made by appellants has several times been decided by this court against their contention. In *Hibernia S. & L. Soc.* v. *Herbert*, 53 Cal. 378, the court say: "The mortgagor, Burke, having conveyed the mortgaged premises by deed to his wife, and having thenceforth no interest in the property, his personal representative was not a necessary party to the foreclosure suit." In *Schadt* v. *Heppe*,

45 Cal. 437, where the mortgaged premises, after the death of the mortgagor, had been set apart to the widow, the court say: "For the purposes of a mere foreclosure, therefore, the administrator was no longer a necessary . . . . party to the action. Nothing being claimed against the estate, it was no matter of concern to him whether the mortgage should be foreclosed or not." (See also *Goodenow* v. *Ewer*, 16 Cal. 461; 76 Am. Dec. 540; *Belloc* v. *Rogers*, 9 Cal. 124; also Story on Equity Pleadings, 197; Pomeroy on Remedies, sec. 326, and notes.)

We do not think that either of the other points made by appellants demand special notice.

The judgment and order appealed from are affirmed.

De Haven, J., and Fitzgerald, J., concurred.