[Sac. No. 601. Department Two.—December 29, 1899.]

E. L. BROWNE, Respondent, v. URENA SWEET et al., Appellants.

ESTATES OF DECEASED PERSONS—PROPERTY SET APART TO USE OF FAMILY—DISCHARGE OF ADMINISTRATOR — FORECLOSURE OF MORTGAGE—PARTIES.—Where it appears that the whole of the estate of a deceased person has been set apart to the use of the family, subject to encumbrances upon the real estate, under section 1469 of the Code of Civil Procedure, and the administrator has been discharged, he need not be made a party defendant to the foreclosure of a mortgage on the real estate set apart to the family as a homestead.

ID.—MORTGAGE UPON HOMESTEAD — PRESENTATION OF CLAIM—PROBATE HOMESTEAD.—It seems that a mortgage upon a homestead, though declared by the decedent in his lifetime, should not be deemed lost for want of presentation of the claim, where the entire estate was set apart to the use of the family, subject to such mortgage, and no further proceedings were permissible, and no opportunity was allowed for the presentation of claims; but where the mortgage is merely upon a probate homestead set apart for the use of the family, no presentation of the mortgage claim is required.

ID.—PRESUMPTION AGAINST PLEADER—ABSENCE OF AVERMENT—DECLARED HOMESTEAD NOT PRESUMED.—The presumption against the pleader does not warrant the presumption of facts not averred: and an averment in the action to foreclose the mortgage, that the court

set apart the mortgaged property as a homestead, is to be understood as averring a probate homestead, and not a homestead declared by the decedent, which is not averred.

APPEAL from a judgment of the Superior Court of Modoc County.   J. W. Harrington, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, and Clarence A. Raker, for Appellants.

G. F. Harris, for Respondent.

TEMPLE, J.—This appeal is from the judgment which was entered upon overruling defendants' demurrer to the amended complaint, the defendants declining to answer.

The action was to foreclose a mortgage given by one J. R. Sweet to secure his promissory note for the sum of five hundred dollars.   In addition to the usual allegations in regard to the mortgage, it is averred in the complaint that J. R. Sweet died intestate on the 4th of October, A. D. 1895, leaving as his only heirs at law his wife, Urena Sweet, and two minor children, to wit, Celia Sweet and Alfred Kenneth Sweet, who are the defendants herein.

It is further alleged that letters of administration were issued upon the estate of J. R. Sweet, deceased, to the defendant Urena Sweet on the twenty-third day of October, 1895, and that thereafter, to wit, on the twenty-third day of April, 1897, "the said Urena Sweet obtained her final discharge as administratrix of said estate, and said estate was settled, and the administration thereof was closed without any provision whatever being made for the payment of said mortgage, and that at this date there is no qualified or acting administrator of said estate."

It is further shown that at no time has there been property or money in the estate which could have been applied to the payment of the debt, and that the estate possessed no assets except the property set apart for the use of the family, and the mortgaged premises.

And, further, that on the seventh day of January, 1896, "the superior court in and for the county of Modoc, by its decree regularly made, set apart said lands described in said mortgage

as a homestead to the defendant in this action," and these defendants are the only persons who have, or claim to have, any interest in said land. Plaintiff waives all claim to a deficiency judgment.

A special demurrer was interposed, which was sufficient to raise the questions presented here.

The first point made is that the administratrix of the estate of J. R. Sweet should have been made a defendant. It appears from the complaint that the entire estate had been regularly set apart to the use of the family of the deceased, either as property exempt from execution, or as a probate homestead, and that the estate had never had other assets. And also that the administration had been closed, and there is now no administrator and no estate which could be administered. The estate of J. R. Sweet, therefore, if it can be said that there is such a thing, could not be interested in the matter.

It is also contended that the mortgage cannot be foreclosed because it is upon the homestead, and it does not appear that it was ever presented to the administratrix for allowance. For this proposition, with other cases, *Bollinger v. Manning*, 79 Cal. 7, is cited as authority. In that case the court found "that there are not now, nor were there ever, any assets . . . . that could be charged with or subject to the payment of said note or mortgage." But this court held that, nevertheless, claims secured by liens upon a homestead selected and recorded prior to the death of decedent must be presented as other claims against the estate. The constitution and the laws have created a special tribunal, to wit, the probate court, to marshal the assets of a deceased person, and to determine whether there are assets which can be applied to the payment of debts, and it may well be held that in a suit to foreclose a mortgage the superior court has no jurisdiction to inquire into the matter, however obvious the fact may be; but it does not seem to me that is necessarily so if the probate court has in the proceedings in the estate determined that there never had been in the estate assets which could be applied to the debt. It may be admitted that the legislature could make the requirement general and absolute in all cases. But are we authorized in attributing such a design to the legislature, is the question. Section 1469 of

the Code of Civil Procedure authorizes the probate court in certain cases to assign the entire estate for the use and support of the family, subject to liens and encumbrances, and provides that there must be no further proceedings in the administration. In such case no notice to creditors could be given, and no claims could be presented for allowance. True, this provision may refer to liens upon property other than the homestead, but if a portion of the property thus assigned happened to be a homestead we cannot suppose that it was intended that a creditor should lose his debt for not doing an impossible act. Apparently this estate might have been assigned in that mode, and in effect it was, though, perhaps, not upon the return of the inventory. Whether notice to creditors was ever given does not appear, but the court first set apart for the family all of the personal property, and then set apart the homestead, which comprised all the balance of the estate. It does not appear that the plaintiff ever could have presented his claim. In such case I think we are not warranted in supposing that it was intended that the debt should be lost.

But we are not put to the necessity of determining that question here, for it is not averred in the complaint that the homestead had been selected and declared prior to the death of J. R. Sweet, and there is no presumption that it was. A pleading is to be taken most strongly against the pleader, in that it must be held that a plaintiff has fully stated his cause of action; but this does not warrant us in presuming facts not averred at all. The averment is simply that the court set apart a homestead. If there was no other fact in reference to the matter this was a probate homestead, and in such case a presentation of the mortgage was not required. (*McGahey v. Forrest*, 109 Cal. 63.) The action is not barred by the sections of the code relied upon.

The judgment is affirmed.

Henshaw, J., and McFarland, J., concurred.