## BROCKER, *Adm'r,* v. STALLARD.

No. 1812. Opinion Filed September 17, 1912.

(126 Pac. 781.)

**MORTGAGES**—Foreclosure—**Validity.** Where no administrator of the estate of a deceased mortgagor was appointed, and a suit to foreclose was brought against all the heirs, and no judgment was sought or rendered against the estate of the mortgagor, the decree of foreclosure was valid; and a sale under it conveyed title to the mortgaged premises.

(Syllabus by Rosser, C.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by J. H. Brocker, administrator of the estate of Lydia M. Brocker, deceased, against F. M. Stallard. Judgment for defendant, and plaintiff brings error. Affirmed.

Opinion by ROSSER, C. This is a suit in ejectment by J. H. Brocker, as administrator of the estate of Lydia M. Brocker, against F. M. Stallard. The plaintiff sued as the administrator of Lydia M. Brocker. Lydia M. Brocker was the owner and in lawful possession of the land in controversy at the time of her death; but prior to her death she executed a mortgage on the land to the Aetna Building & Loan Association. After her death the association sued to foreclose the mortgage, and J. H. Brocker, who was the husband of Lydia M. Brocker, and who is the plaintiff in this suit, and A. T. Brocker, Mary Sweet, Ellen Brocker, W. L. Brocker, J. F. Brocker, Monroe Brocker, Fredie M. Brocker, Flossie Brocker, Bina Brocker, and Henry Brocker, who were the children and heirs at law of Lydia M. Brocker, were made parties defendant. At the time the suit to foreclose was brought, no administrator for the estate had been appointed. Some of the defendants were minors, and they appeared by a guardian *ad litem*. The adult heirs made default. There was a judgment for the amount of the mortgage against J. H. Brocker, and the mortgage on the land was foreclosed, and it was ordered sold. It was afterwards sold under the decree to the Aetna Building & Loan Association, and a sheriff's deed issued, which was duly confirmed by the court. The association soon afterwards sold it to the defendant, Stallard. Some time after the defendant purchased the land, the plaintiff was appointed administrator, and brought this suit to recover the land. The lower court held that he was concluded by the proceedings in the suit to foreclose the mortgage. He has appealed, and the sole ground presented is that the judgment in the foreclosure suit was void, because the suit to foreclose the mortgage was against the heirs, and not against the administrator of the deceased.

The heirs were interested in the land. The record shows that several were of lawful age at the time the suit was brought. They had not had an administrator appointed. It is true the plaintiff in the suit to foreclose the mortgage might have had an administrator appointed; but it was not asking for a personal judgment against the estate of the deceased, and none was rendered. It was

only asking to foreclose its lien, and it summoned the heirs, the persons interested in the land.

Plaintiff relies upon sections 5347 and 5348, Comp. Laws 1909, as upholding his contention. Section 5347 provides that:

"The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the posession of the executor or administrator, for the purpose of administration, as provided in this chapter."

Section 5348 provides that:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts may be maintained by and against executors and administrators in all cases and in the same courts in which the same might have been maintained by or against their respective testators and intestates."

Upon the consideration of these statutes, it was decided, in the case of *McClung v. Cullison,* 15 Okla. 402, 82 Pac. 499, that the heir of an intestate was not a necessary party to a suit to foreclose a mortgage executed by the intestate, and that a decree of foreclosure rendered against the administrator was binding on the heir. This opinion followed several California cases based upon a similar statute. In addition to the cases cited in that case, see *Dickey v. Gibson,* 121 Cal. 276, 53 Pac. 704; *Finger v. Mc-Caughey,* 119 Cal. 59, 51 Pac. 13.

But that case does not decide this one. In that case there was an administrator. Here there was none. The heirs were the only parties in interest, and they were summoned. In *Bank of Suisun v. Stark,* 106 Cal. 202, 39 Pac. 531, it was held that in an action to foreclose a mortgage on community land, where both husband and wife were dead, and no administrator of the wife's estate had been appointed, and the personal representative of the husband and the heirs of both the husband and wife were made defendants, the personal representative of the wife need not be made defendant. In *Brown v. Sweet,* 127 Cal. 332, 59 Pac.

774, it was held that where the whole estate of the deceased person was a homestead, and had been set apart to the use of the family, subject to incumbrances, and the administrator discharged, a foreclosure suit could be brought against the heirs. In *Gutziet v. Punnie,* 98 Cal. 327, 33 Pac. 199, it was held that where the mortgaged premises had been conveyed to third persons, and recourse against property of the mortgagor, other than the mortgaged premises, was waived, it was not necessary to make the personal representatives of the mortgagor parties to an action to foreclose.

The plaintiff in a suit to foreclose the mortgage did not seek a personal judgment against Mrs. Brocker's estate. The rights of the general creditors were not affected. The decree of foreclosure was valid, and the sale under it conveyed good title.

It follows that the judgment of the trial court should be affirmed.

By the Court:  It is so ordered.