## DAWKINS, Adm'r, v. PEOPLES BANK & TRUST CO.

No. 21822.   Nov. 27, 1934.

J. H. Harper, for plaintiff in error.

Guy Green and Robert R. Pruet, for defendant in error.

PER CURIAM. This case was tried upon a stipulation or agreed statement of facts. The stipulation is lengthy and the purport of it is:

That I. H. Porter died intestate in Jefferson county, Okla., on the 13th day of July, 1921, leaving a surviving wife and six children.

That his estate consisted of a growing crop of cotton and corn, live stock, and farming implements, all of which at the time of his death were under mortgage to Peoples Bank & Trust Company. The estate was insolvent and the mortgage not satisfied in full.

That an administrator was necessary to care for, gather, and sell said crops, and to pay the proceeds out to the persons entitled thereto.

That D. Dawkins was duly appointed administrator; qualified; took charge of the property; gathered and sold the crops and live stock, under the orders of the county court, for the total sum of $2,240.42; and paid out of that necessary expense incurred in handling, and a small amount as court expense.

That upon return of the inventory by the administrator, on August 25, 1921, the county court made an order setting aside certain property as exempt to the widow and minor children, and an order to pay to the widow, S. J. Porter, for the support of herself and minor children, the sum of $100 out of any funds in his hands; and this order was made without notice, and no appeal was taken.

That on the 13th day of September, 1921, Peoples Bank & Trust Company filed in the county court its petition to vacate and set aside the order setting apart exempt property to the widow and minor children. This was tried and decided against the bank and trust company, and an appeal was taken to the district court, and dismissed for want of jurisdiction; that J. H. Harper appeared as attorney for the administrator in these two trials; and on the same day the Peoples Bank & Trust Company filed a suit in replevin to recover the property under its mortgage from the administrator, which was tried in the district court, and judgment rendered for the plaintiff in that action; and from which an appeal was taken to the Supreme Court, and the judgment affirmed. This case is reported in 117 Okla. 181, 245 P. 594; that J. H. Harper was employed by the administrator, with the approval of the county court, and represented the administrator in all of these proceedings.

That on October 3, 1921, the court made an order allowing the administrator a fee of $100, to be paid out of any funds in his hands, and to be taxed as costs; this order was made without notice, and no appeal was taken.

That on the same day the court made an order allowing J. H. Harper the sum of $100 as an attorney's fee for services rendered and to be rendered, and directing the administrator to pay the same; this order made without notice and no appeal taken.

Notice to creditors was given by the administrator, and Claud B. Grantham presented his claim for funeral expenses in the sum of $133.80, which was allowed by the administrator, approved by the court, and ordered paid; that this was the actual expense of the funeral of the deceased.

That Dr. W. S. Strasner presented his claim for medical treatment of the deceased during his last illness in the sum of $56, which service was actually rendered to the deceased during his last illness; this claim was allowed by the administrator, approved and ordered paid by the court.

That on the 3rd day of October, 1921, the administrator filed his annual report; a hearing was ordered and notice given; at the hearing the Peoples Bank & Trust Company appeared and filed its objections to the allowance of the claims hereinabove set out; the objections were overruled; the report, including the several items, approved; notice of appeal to the district court; order overruling the objections and approving report; appeal duly perfected and the case taken to the district court on appeal.

On April 25, 1930, the district court of Jefferson county rendered judgment on the stipulation and agreed statement of facts, disallowing each and all of the items hereinabove set out, and surcharging the account of the administrator with the sum of $489.80, that amount being the aggregate sum of the several items; and, as modified, ordered the account approved; and from that judgment, the administrator appeals.

Counsel on both sides have presented able and interesting briefs, with copious citations of authority, as well as original arguments.

The plaintiff in error argues eight specific propositions:

(1) County courts have original jurisdiction of probate cases.

(2) County courts are courts of record, and judgments and decrees of such courts, when acting within their jurisdiction to make, are entitled to the same presumptions and immunity from collateral attack, as district courts.

(3) Under a statute classifying claims against an estate, they must be paid and liquidated in the order named in the statute.

(4) Funeral expenses and expenses of last sickness are preferred claims.

(5) The widow's allowance is mandatory.

(6) The administrator of an estate is authorized to employ counsel, and the court is authorized to make an allowance for reasonable attorney's fee.

(7) Administrator is entitled to fees for his services.

(8) An administrator is an officer of the

court and must obey the orders of the court, and so long as he acts in good faith in the disbursement of money in pursuance of an order of the court, **within its jurisdiction to make,** he is protected from personal liability, and the sureties on his bond are not liable.

In the abstract we agree that each of these propositions is correct as a matter of law.

An administrator of an estate may, under an order of the court, pay out funds in his possession, belonging to the estate, but is without authority to appropriate property not belonging to the estate; and the court is without authority to make an order to the administrator directing him to pay funeral expenses, or debts against the estate, out of money not belonging to the estate.

Money realized by an administrator from the sale of mortgaged property, belonging to his decedent's estate, does not become an asset of the estate until the debt secured by the mortgage is fully paid; and, under these circumstances, an order of the county court directing the administrator to pay administration expenses and debts against the estate, out of such funds, is void, and subject to collateral attack.

The plaintiff in error in his brief points out that the stipulation does not state the amount of mortgaged indebtedness unpaid, and the finding of the court that the amount due was in excess of $489.80 is going beyond the stipulation, and was an unwarranted finding. and was error, and deprived the plaintiff of an opportunity to work out the equities in the county court. It is true that the stipulation does not state the amount of the unpaid mortgage indebtedness, and this finding of the district court must have been based upon information coming to the court, independent of the stipulation itself.

This, though, is neither vital nor fatal, for the reason that the stipulation does state that the mortgage had not been satisfied and some amount was still due thereon. The law is that the rights of the holder of a valid chattel mortgage are not divested, curtailed, abridged or impaired by the death of the mortgagor; and the administrator of the estate of the mortgagor, who takes possession of property included in the mortgage, sells it under the direction and with the approval of the county court, treats the proceeds of the sale as assets of the estate, and pays out money for administration expenses, under order of the court, or applies it to the payment of debts against the estate, to the exclusion of the mortgagee, acts at his peril so long as the debts secured by the mortgage, or any part thereof, remain unpaid; and his account may be surcharged with the amount so expended.

The judgment of the trial court is right, and for the reasons stated is hereby affirmed.

The Supreme Court acknowledges the aid of District Judge Ad V. Coppedge, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.