**The CITIZENS BANK, DRUMRIGHT, Oklahoma, Appellant,**

v.

**Opal Corrine SATCHER, sole Heir-at-Law of Hazel Hoskins, Deceased, and Jack B. Sellers, Executor named under the Will of Hazel Hoskins, Deceased, Appellees.**

**No. 45512.**

Supreme Court of Oklahoma.

April 16, 1974.

Watson & Watson, Drumright, for appellant.

Donald D. Thompson, Sapulpa, for appellees.

Robert L. Wheeler, James A. Jennings, Oklahoma City, for Oklahoma Bankers Ass'n, amicus curiae.

BERRY, Justice:

The question presented herein is whether the trial court erred in vacating and setting aside a judgment foreclosing certain mortgages covering real and personal property.

Hazel Hoskins, [decedent] executed several promissory notes to Citizens National Bank, Drumright, Oklahoma, [the Bank]. These notes were secured by a real estate mortgage and security agreements covering certain chattels. Decedent defaulted in payment of the notes prior to her death.

Letters testamentary were then issued to the executor named in decedent's will.

The Bank filed a creditor's claim for the amount due under the notes. This claim was never allowed or disallowed.

Thereafter the executor filed an inventory. The mortgaged property was listed in

the inventory as assets of the estate. The inventory stated there were not sufficient assets in the estate with which to pay the estate's obligations. Subsequently the probate action was purportedly dismissed without prejudice. Under the facts of this case we need not determine whether a probate proceeding can be dismissed.

The Bank then commenced this action to foreclose the mortgage and security agreements. Opal Corrine Satcher, the sole heir at law and devisee of decedent, was the only named defendant. The Bank does not seek a personal judgment against Satcher or decedent's estate.

Satcher filed a general denial. The Bank then filed a motion for judgment on the pleadings. The motion was set for hearing. Satcher did not appear at the hearing.

The trial court entered judgment granting foreclosure and directing the sale of the real and personal property.

Prior to the date of sale the party named as executor in decedent's will filed a motion to vacate the foreclosure judgment. In this motion he alleged he was not given notice of the foreclosure proceeding prior to the time the judgment was entered. He further alleged the sale would deprive preferred creditors and other persons having rights superior to the Bank of their substantial rights.

Subsequently letters testamentary were reissued to the named executor. The trial court then entered judgment vacating the foreclosure judgment. The Bank appeals from that judgment.

The trial court vacated the foreclosure action on the ground the executor was not given notice of the foreclosure proceeding and on the ground the sale might deprive preferred creditors and other persons having rights superior to the Bank of their substantial rights.

On appeal the Bank first contends the interest of the deceased mortgagor in mortgaged realty and personalty owned by her at the time of her death is not an asset of her estate, and is not subject to decedent's personal representative's possession and control until the debt secured by the mortgage is paid in full.

The apparent purpose of this argument is to establish that no other person could have had rights in the property superior to the Bank's rights.

This argument presumes the Bank's mortgage and security interests are valid.

■ Furthermore, as applied to a decedent's estate, the term "assets" refers to property which can be made available for the payment of the decedent's debts. Barnard v. Bilby, 68 Okl. 63, 171 P. 444.

■ We conclude the mortgaged property is an asset of decedent's estate, at least to the extent the value of the property exceeded the amount of the encumbrances.

■ The Bank contends if the mortgaged property is held to be an asset of decedent's estate, 58 O.S.1971 § 591, will be applicable. Section 591 relates to order of debt payment. Item number 6 in order of payment is "mortgages in order of their date."

The Bank contends application of this statute will make the Bank's mortgages "nothing more than fortuitous securities conditioned only upon the hope that the borrower will not die until the note is paid."

34 C.J.S. Executors and Administrators § 461 c(2), provides in part:

"Property which is subject to a lien or encumbrance can in a strict sense be considered assets of the estate only so far as its value exceeds the amount of the encumbrance * * * and hence it follows that the rules of priority applicable in the case of general assets of the estate must be subject to considerable modification when applied to encumbered property, although the excess after payment of the encumbrance will be applied according to the usual rules of priority."

In Dawkins v. People's Bank and Trust Company, 169 Okl. 541, 38 P.2d 1, we considered a situation where the estate was in-

solvent and certain property included in the estate was subject to a mortgage. The administrator sold the assets pursuant to an order of the county court. He then paid certain claims with the proceeds. The District Court disallowed these claims.

On appeal to this Court the administrator contended the payments were made pursuant to the priorities set out in what is now § 591, supra. We rejected this argument, stating:

"Money realized by an administrator from the sale of mortgaged property, belonging to his decedent's estate, does not become an asset of the estate until the debt secured by the mortgage is fully paid * * *.

" * * * the administrator of the estate of the mortgagor who takes possession of property included in the mortgage, sells it under the direction and with the approval of the county court, treats the proceeds of the sale as assets of the estate, and pays out the money for administration expenses, under order of the court, or applies it to the payment of debts against the estate, to the exclusion of the mortgagee, acts at his peril so long as the debts secured by the mortgage, or any part thereof, remain unpaid; and his account may be surcharged with the amount so expended."

We hold this contention is without merit.

The Bank next contends where the mortgage is in default the mortgagee may foreclose its mortgage lien in rem without necessity of probate and without appointment of a personal representative so long as no deficiency judgment is sought.

We do not question the Bank's right to foreclose its mortgages subsequent to the mortgagor's death.

We do question the Bank's contention the sole heir and devisee was the only necessary party to the foreclosure action.

One of the purposes of a foreclosure action is to adjudicate the plaintiff's claim and lien. Stephenson v. Clement, 171 Okl. 333, 43 P.2d 430.

In the present case the estate was insolvent. No party to the foreclosure action represented the interests of the general creditors. In these circumstances the personal representative of decedent's estate was a necessary party to the foreclosure action and the foreclosure judgment was void insofar as it purported to foreclose any rights the general creditors of the estate might have had to payment of their claims from the mortgaged property.

The Bank cites Brocker v. Stallard, 34 Okl. 612, 126 P. 781, for the proposition it was not necessary to have a personal representative appointed to represent decedent's estate in the foreclosure action.

There mortgagees filed in rem action against mortgagor's heirs to foreclose a mortgage. At that time no personal representative had been appointed. The land was sold in the foreclosure proceedings. After the sale an administrator was appointed. He brought suit against the purchaser to recover the property contending the foreclosure suit was a nullity because it was brought against the heirs and not against the administrator. The trial court denied the administrator's contention. There we affirmed, stating:

"The plaintiff in a suit to foreclose the mortgage did not seek a personal judgment against Mrs. Brocker's estate. *The rights of the general creditors were not affected.* The decree of foreclosure was valid, and the sale under it conveyed good title. It follows that the judgment of the trial court should be affirmed." [emphasis added]

The emphasized language indicates that the estate involved in that case was solvent.

We conclude the trial court did not err in vacating the foreclosure judgment.

Appellees contend attacks upon the probate proceedings have been unnecessary and have had the effect of impeding the due administration of the estate. Appellees therefore request this Court to order the Bank to pay appellees for attorney fees

expended in the trial court and in connection with this appeal plus appellees' costs herein.

We find no statute or equitable principle authorizing an award of attorney fees to appellees in these circumstances. We hold appellees are not entitled to an award of attorney fees.

We hold appellees are entitled to costs incurred in vacating the foreclosure judgment and defending this appeal. 12 O.S. 1971 § 930. Other costs should be taxed by the trial court at the conclusion of the case. Singleton v. LePak, Okl., 425 P.2d 974.

Affirmed.

WILLIAMS, V. C. J., and IRWIN, HODGES, LAVENDER and SIMMS, JJ., concur.

DAVISON, C. J., and BARNES and DOOLIN, JJ., concur in result.