FIRST NATIONAL BANK OF COFFEYVILLE, KANSAS, Appellant,

v.

Barbara MAYS, Executrix of the Estate of Boyd J.L. Apperson, Deceased and the Oklahoma Tax Commissioners, Appellees.

No. 62147.

Supreme Court of Oklahoma.

Nov. 5, 1985.

Dennis J. Watson, Wallace & Owens, Inc., Miami, for appellant.

Donald K. Switzer, Logan, Lowry, Johnston, Switzer, West & Wyatt, Vinita, for appellees.

KAUGER, Justice.

The question presented is whether payment of the necessary costs of administration of a decedent's insolvent estate has priority over extinguishment of mortgage indebtedness following the sale of mortgaged property. We find that a secured mortgage takes precedence over administrative expenses, and that only the excess proceeds from the sale of the property can be considered as assets of the estate for administrative purposes.

On September 14, 1977, Boyd Apperson (decedent) executed and delivered a second mortgage on certain real property to the First National Bank of Coffeyville, Kansas, (appellant) subject to a first mortgage lien on the same tract in favor of the Commissioners of the Land Office for the State of Oklahoma. Each mortgage was recorded in the proper county land records. The decedent died on August 4, 1982, leaving both mortgages in default.

On December 22, 1983, the bank brought an action to foreclose its mortgage claiming the amount due on the underlying note of $120,024.22, plus interest and attorney fees, and acknowledging that its position was junior to that of the first mortgagee. Barbara Mays, (appellee) the executrix of the estate, answered admitting that both mortgages were in default. She also filed a counter-claim asserting that the estate was insolvent and, therefore, all expenses of administration should be paid from the proceeds of the sale of the mortgaged property before payment of the mortgage. Both parties filed motions for summary judgment, and the trial court sustained the executrix's motion. The bank appealed.

## PROCEEDS FROM THE SALE OF MORTGAGED PROPERTY MUST BE APPLIED TO THE MORTGAGE INDEBTEDNESS BEFORE PAYMENT OF THE ESTATE'S ADMINISTRATIVE EXPENSES

Although the executrix stipulated to the mortgage indebtedness, she argues that pursuant to 58 O.S.1981 § 591(6)[1] and 84 O.S.1981 § 3(5)[2] administrative expenses must be paid before other debts of the estate are extinguished.

Generally, the executrix of an estate is allowed to recover necessary administra-

---

1. The executrix relies on title 58 O.S.1981 § 591, it provides:

    "The debts of the estate must be paid in the following order:
    1. Funeral expenses.
    2. The expenses of the last sickness.
    3. Funds necessary for the support of the family and allowed by the court pursuant to the provisions of this chapter.
    4. Taxes to the United States or the state, county, or city.
    5. Debts having preference under the laws of the United States and of this state.
    6. Judgments rendered against the decedent in his lifetime, which are liens upon his property and *mortgages in the order of their date.*
    7. Demands or claims which are presented to the executor or administrator for an allowance or proved within two (2) months after the first publication of notice to creditors.
    8. All other demands against the estate except those set forth in paragraph 9 of this section.
    9. Interest resulting from the extension of time for payment of federal estate or transfer taxes. Such interest shall be a cost of administration but shall not be deductible in arriving at the Oklahoma net taxable estate under Section 808(g) of Title 68." (Emphasis supplied)

2. The executrix also cites 84 O.S.1981 § 3 in support of her position.

    "The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order:
    1. The property which is expressly appropriated by the will for the payment of the debts.
    2. Property not disposed of by the will.
    3. Property which is devised or bequeathed to a residuary legatee.
    4. Property which is not specifically devised or bequeathed, and,
    5. All other property ratably. *Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for.*" (Emphasis supplied)

tive expenses[3] from the assets of the estate,[4] and is authorized to sell estate property and retain administrative expenses from the sale proceeds before payment of debts.[5] However, in this instance, 58 O.S. 1981 § 485, a statute reflective of legislative intent in this area, creates an insurmountable impediment to the executrix's argument. It provides in pertinent part:

"When any sale is made by an executor or administrator, pursuant to the provisions of this Chapter, of lands subject to any mortgage or other lien, which is a valid claim against the estate of the decedent and has been presented and allowed, the purchase money must be applied, after paying the necessary expenses of the sale, first to the payment and satisfaction of the mortgage or lien, and the residue, if any, in due course of adminis-

tration. The application of the purchase money to the satisfaction of the mortgage or lien must be made without delay; and the land is subject to such mortgage or lien until the purchase money has been actually so applied. . ."

Granting priority to a properly perfected mortgage over the expenses of administration follows the well-established rule of first in time, first in right.[6] An executor/executrix cannot deduct administrative expenses from the proceeds of the sale of mortgaged property prior to satisfying the mortgage indebtedness because the recorded mortgage lienor has rights in the proceeds superior to those of any other claimant.[7] The only portion of the sale proceeds which can be considered as part of the estate is any amount realized in excess of the mortgage indebtedness.[8] When the ex-

---

3. It is provided by 58 O.S.1981 § 525:
"He shall be allowed all necessary expenses in the care, management and settlement of the estate, and for his services such fees as are provided in this chapter, but when the decedent, by his will, makes some other provision for the compensation of his executor, that shall be a full compensation for his services, unless by a written instrument, filed in the district court, he renounces all claim for compensation provided by the will."

4. Title 58 O.S.1981 § 527 provides:
"When no compensation is provided by the will, or the executor renounces all claim thereto, he must be allowed commissions upon the amount of the whole estate accounted for by him, excluding all property not ranked as assets, as follows: For the first thousand dollars, at the rate of five per cent (5%); for all above that sum, and not exceeding Five Thousand Dollars ($5,000.00), at the rate of four percent (4%); for all above that sum, at the rate of two and one-half per centL(2½%); and the same commission must be allowed administrators. In all cases such further allowance may be made, as the judge of the district court may deem just and reasonable, for any extraordinary service. The total amount of such allowance must not exceed the amount of commissions allowed by this section."

5. Title 58 O.S.1981 § 594 states:
"The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, and the expenses of the last sickness, and the allowance made to the family of the decedent. He may retain in his hands the necessary expenses of administra-

tion, but he is not obliged to pay any other debt or any legacy until, as prescribed in this chapter, the payment has been ordered by the court."

6. See 1 Jones, "Law of Mortgages of Real Property," p. 839–40, § 604 (8th ed. 1928):
"The expenses of administration of the estate of a deceased mortgagor are not a lien prior to an existing mortgage on his land, though the other property of the deceased is insufficient to pay such expenses. The lien of the mortgagor being prior in time it must prevail as against such expenses." (citations omitted);
See also, 2 Woerner, "American Law of Administration," p. 1347 § 408 (3rd ed. 1923).

7. See 4 Bankroft "Probate Practice", p. 254, 256, § 1050 (2d ed. 1950):
"[C]ompensation of the executor or administrator and the expenses of administration are *not* superior to a mortgage lien, existing on property of the decedent at the time of his death, as to the proceeds of such property. Thus . . . there is no authority for deducting expenses of administration from the proceeds of a probate sale of the mortgaged property *where such sale does not result in sufficient funds to pay both the mortgage and the expenses.*" (Emphasis supplied) (Citations omitted)

8. *Citizens Bank, Drumright v. Satcher,* 521 P.2d 819, 821 (Okla.1974); see also 4 Bankroft, "Probate Practice", p. 254, 256, 261–62, §§ 1050, 1052 (2d ed. 1950); Huff, "Oklahoma Probate Law and Practice", p. 367–68, § 398 (2d ed. 1982).

ecutor/executrix is ordered to sell mortgaged property, the mortgagee is entitled to have the proceeds of the sale applied to the satisfaction of the mortgage prior to administrative expense, funeral expenses, and the expenses of last illness.[9] A contrary result would defeat the purpose of recording a mortgage—a mortgagee is entitled to the assurance that its secured position will be protected, and should not be forced to rely either on the *inter vivos* satisfaction of the mortgage debt prior to death or on a solvent post-mortem estate.

This Court considered the plight of a bank holding a chattel mortgage on some of the decedent's personal property in *Dawkins v. People's Bank & Trust Co.,* 169 Okl. 541, 38 P.2d 1 (1934). Because the estate was insolvent, the bank filed a replevin action to recover the property. Predictably, the administrator of the estate applied the sale proceeds to the satisfaction of administrative expenses prior to payment of the mortgagee. This Court found that "[m]oney realized by an administrator from the sale of mortgaged property, belonging to the decedent's estate, does not become an asset of the estate until the debt secured by the mortgage is fully paid." [10] The Court stated that the right of the mortgagee to have its debt satisfied is not divested, curtailed, abridged, or impaired by the death of the mortgagor.[11]

The rule of law derived from the *Dawkins* holding is that if the administrator uses the proceeds of the sold property under a chattel mortgage to pay the administrative expenses prior to the satisfaction of the mortgage debt, he/she acts at his/her peril, and can be assessed a surcharge for any part of the mortgage debt left unpaid. There is no reason to apply a different standard when the priority of a mortgage vis-a-vis administrative expense is challenged.

The executrix contends that the *Dawkins* case was implicitly overruled by *Citizens Bank, Drumwright v. Satcher,* 521 P.2d 819 (Okla.1974) in which the Court, affirming the setting aside of the bank's foreclosure, refused to apply *Dawkins* because of a factual distinction. In *Citizens,* the administrator, who did not receive adequate notice of the foreclosure sale, was found to be a necessary party. The Court sought to insure that the general creditors were represented properly, and it affirmed the vacation of the sale because of the fatally defective notice. The mortgage holder's superior right to the proceeds was not implicated in *Citizens;* therefore, the suggestion that *Dawkins* was overruled is inappropriate.

Our holding does not circumvent or negate the statutory priority of claims against the estate found in 58 O.S.1981 § 591(6) or 84 O.S.1981 § 3(5).[12] These statutes provide for the order of payment of debts of the estate *from the estate assets.* The source for satisfaction of administrative and other costs is the residue of the estate after all secured debts are satisfied. The order of the district court is reversed with directions to award, to the bank, priority in the proceeds of the sale for the satisfaction of its mortgage indebtedness, with interest thereon as reflected in the mortgage instrument, and a reasonable attorney's fee,[13] to be determined upon motion and hearing by the trial court.

REVERSED AND REMANDED.

DOOLIN, V.C.J., and HODGES, LAVENDER, OPALA and SUMMERS, JJ., concur.

**9.** See 1 Jones, "Law of Mortgages of Real Property," supra, note 6.

**10.** *Dawkins v. People's Bank & Trust Co.,* 169 Okl. 541, 38 P.2d 1, 3 (1934).

**11.** Id.

**12.** See notes 1 and 2, supra.

**13.** Title 42 O.S.1981 § 176 provides:
"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

HARGRAVE, J., concurs in result.

SIMMS, C.J., and WILSON, J., dissents.

