998 P.2d 560 (2000)
In the Matter of the ESTATE OF George Evan THOMAS.
Jodi Eggleston, F/K/A Jodi Davis, Jay Davis, as Guardian Ad Litem of Rachel Davis, and Tiffany Davis, Appellants,
v.
Debbie Costello, Executrix, Respondent.
No. 32041.
Supreme Court of Nevada.
May 4, 2000.
*561 McKnight & Hendrix and David Mincin, Las Vegas, for Appellants.
Steven J. Szostek, Las Vegas, for Respondent.
BEFORE MAUPIN, SHEARING and BECKER, JJ.

OPINION
PER CURIAM:
This is an appeal from an order approving a first and final account, report of administration, and petition for distribution of the estate of George Evan Thomas, deceased. Appellants held a recorded judgment lien against the decedent, which was obtained during his lifetime. The decedent died testate, and his house, against which appellants had obtained a judgment lien, was the only significant asset of the estate. The executrix was named in the decedent's will, and she hired legal counsel to represent the estate. The district court approved the executrix's final account and payment of fees to the executrix and the estate's attorney.
The dispute in this appeal is whether administrative claims of the administrator/administratrix have a higher priority than a debt of the deceased, specifically, a judgment that was rendered against the deceased during his or her lifetime. We have reviewed the briefs and the record, and we conclude that the district court did not err in concluding that an administrator's claims have higher priority than debts of the estate. See SIIS v. United Exposition Services Co., 109 Nev. 28, 846 P.2d 294 (1993) (noting that issues of statutory construction are reviewed de novo).
Under the applicable Nevada law, a judgment rendered against a deceased during that person's lifetime could not be executed after that person's death; instead, a certified copy of the judgment had to be attached to the statement of claim filed with the clerk and be acted on as any other claim. See NRS 147.210(1) (1997) (amended 1999). At the time of the judgment below, the statute provided that debts and charges of the estate must be paid in the following order: (1) funeral expenses; (2) expenses of the last sickness; (3) family allowance; (4) "[d]ebts having preference by laws of the United States"; (5) money owed to the Nevada Department of Human Resources for medical assistance benefits; (6) wages due; (7) "[j]udgments rendered against the deceased in his lifetime" and mortgages; and (8) "[a]ll other demands against the estate." NRS 150.220 (1997) (amended 1999).
Appellants argue that since administrative claims (such as executrix fees and costs, and attorney fees) were not listed in NRS 150.220(1)-(7), as it read when judgment was entered, they must therefore fall under the catchall provision in subsection (8), behind judgments.[1]
At the time the district court entered the order appealed from, attorneys and executors were entitled to compensation under the statutory scheme, but the statute did not specify whether such compensation was subject *562 to the priority classification under NRS 150.220. See NRS 150.010 (1997) (amended 1999); NRS 150.060 (1997) (amended 1999). Former NRS 150.010 stated that "[t]he executor or administrator shall be allowed all necessary expenses in the care and management, as well as settlement, of the estate, and for his services such fees as provided by law." NRS 150.010 (1997) (amended 1999). Former NRS 150.060(1) stated that "[a]ttorneys for executors, administrators and special administrators are entitled to reasonable compensation for their services, to be paid out of the decedent's estate." NRS 150.060(1) (1997) (amended 1999).
Respondent argues that public policy requires that the administrative claims have priority, because, if they did not, then administrators would decline administration where outstanding judgments threatened their fees and costs. Appellants respond that in such cases, the potential administrator should decline the appointment and/or abandon the estate to the creditors. Although appellants maintain that creditors may be appointed as administrators of an estate, it appears that this is so only if the decedent died intestate. See NRS 139.040(1)(g) (1997) (amended 1999) ("Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order: ... (g) Creditors who have become such during the lifetime of the deceased.").
The general principles of statutory construction are straightforward. "It is well settled in Nevada that words in a statute should be given their plain meaning unless this violates the spirit of the act." McKay v. Bd. of Supervisors, 102 Nev. 644, 648, 730 P.2d 438, 441 (1986). In addition, no provision of a statute should be rendered nugatory by this court's construction, nor should any language be made mere surplusage, if such a result can be avoided. See Paramount Ins. v. Rayson & Smitley, 86 Nev. 644, 649, 472 P.2d 530, 533 (1970). In other words, courts should avoid construing statues so that any provision or clause is rendered meaningless. See Bd. of County Comm'rs v. CMC of Nevada, 99 Nev. 739, 744, 670 P.2d 102, 105 (1983). We also note that the statute has recently been amended, and that "[w]here a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute." Sheriff v. Smith, 91 Nev. 729, 734, 542 P.2d 440, 443 (1975).
Effective October 1, 1999, the Nevada legislature enacted a thorough revision of the statute at issue here, including amending NRS 150.220. As a result of the amendment, the statute now lists "Expenses of administration" as the first item to be paid. NRS 150.220(1) (as amended). "Expenses of administration" are defined as "funeral expenses and expenses actually and properly incurred by a personal representative [i.e., executor or administrator] in the administration of an estate, plus the fees of the personal representative, any attorney retained by him and any other consultant engaged by him." NRS 132.135 (1999).
We conclude that the change in the statute is not retrospective. The general rule is that statutes are prospective only, unless it clearly, strongly, and imperatively appears from the act itself that the legislature intended the statute to be retrospective in its operation. See, e.g., State ex rel. Progress v. Court, 53 Nev. 386, 2 P.2d 129 (1931). No such retroactive intent appears in the amendments to the statute. The change would have had no effect on the outcome of this appeal, except that, under Smith, the amendment is persuasive evidence of what the legislature intended by the prior statute.
In addition to the effect of the recent amendments, our reading of the probate code indicates that the district court reached the correct conclusion. Former NRS 150.010 provided, as stated above, that the "executor or administrator shall be allowed all necessary expenses ... of the estate, and for his services such fees as provided by law." NRS 150.010 (1997) (amended 1999) (emphasis added). Former NRS 150.060(1) stated that "[a]ttorneys for executors, administrators, and special administrators are entitled to reasonable compensation for their services, *563 to be paid out of the decedent's estate." NRS 150.060(1) (1997) (amended 1999) (emphasis added). In light of the imperative language of these statutory provisions, we conclude that administrative expenses and attorney fees therefore have a different and higher priority than the estate's various other debts and charges. This conclusion is supported by the plain language of these statutory provisions, and results in all provisions given meaning. Adopting appellants' view would result in the mandatory language of former NRS 150.010 and former NRS 150.060(1) being rendered nugatory in these circumstances. We conclude that former NRS 150.220 did not specifically address administrative expenses and attorney fees because they were treated separately in the statutory scheme, and were expressly required to be paid from the estate's assets. We therefore conclude that administrative claims have a higher priority than the debts and charges of the estate listed in former NRS 150.220, and affirm the order of the district court.
NOTES
[1] Appellants also argue that the existence of the judgment lien alone entitles them to a higher priority, citing as support, First Nat. Bank of Coffeyville v. Mays, 708 P.2d 1129 (Okla.1985). Mays, however, involved a mortgage, not a judgment lien, and we do not find it persuasive.