137 Nev., Advance Opinion 67

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PANORAMA TOWERS
CONDOMINIUM UNIT OWNERS'
ASSOCIATION, A NEVADA
NONPROFIT CORPORATION,
Appellant,
vs.
LAURENT HALLIER, AN
INDIVIDUAL; PANORAMA TOWERS I,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; PANORAMA TOWERS I
MEZZ, LLC, A NEVADA LIMITED
LIABILITY COMPANY; AND M.J.
DEAN CONSTRUCTION, INC., A
NEVADA CORPORATION,
Respondents.

No. 80615



FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in a construction defect action. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

*Vacated and remanded.*

Kemp Jones, LLP, and Michael J. Gayan and Joshua D. Carlson, Las Vegas; Lynch & Associates Law Group and Francis I. Lynch, Henderson; Williams & Gumbiner, LLP, and Scott A. Williams, San Rafael, California, for Appellant.

Lewis Roca Rothgerber Christie LLP and Daniel F. Polsenberg, Joel D. Henriod, and Abraham G. Smith, Las Vegas; Bremer Whyte Brown & O'Meara LLP and Peter C. Brown, Jeffrey W. Saab, and Devin R. Gifford, Las Vegas, for Respondents.

BEFORE THE SUPREME COURT, EN BANC.[1]

## OPINION

By the Court, HERNDON, J.:

Appellant Panorama Towers Condominium Unit Owners' Association filed a construction defect claim against respondents (collectively, the Builders), which the district court concluded was time-barred under the NRS 11.202 statute of repose. The Association filed two motions to alter or amend the court's resulting summary judgment. Before the district court considered the second motion, the Legislature amended the statute of repose to extend the filing deadline and specified that the amendment was retroactive. The amended statute also became effective before the district court considered the second motion. Nevertheless, the district court denied the Association's motion to alter or amend the judgment. We conclude that, in accordance with our opinion in *Dekker/Perich/Sabatini Ltd. v. Eighth Judicial District Court*, 137 Nev., Adv. Op. 53, 495 P.3d 519 (2021), because the amended statute of repose was retroactive and, under that statute of repose, the Association's construction defect claim was timely, the district court erred in denying the motion.

## FACTS

The Builders constructed the Panorama Towers in Las Vegas, including 616 units across two high-rise condominium buildings. Substantial completion of each tower corresponded with the date of its respective certificate of occupancy, which issued on January 16, 2008, and

---

[1]The Honorable Abbi Silver, Justice, voluntarily recused herself from participation in the decision of this matter.

March 31, 2008.[2] The Association filed an initial construction defect action against the Builders in 2009, and the parties settled that action in June 2011, but the settlement agreement applied only to known defects at that time.

The Association sent the relevant underlying NRS 40.645 notice of construction defect to the Builders on February 24, 2016. In addition to other defects, the notice asserted that all of the residential units' window assemblies were defective.[3] The notice alleged that the defect permits water to enter the assemblies, causing corrosion to the metal parts and components of the wall and floor assemblies, which creates an unreasonable risk of structural degradation and injury to person and property.

NRS Chapter 40 requires builders to have certain opportunities to investigate and repair construction defects and requires parties to mediate the construction defect claims before an action can be filed. *See* NRS 40.647; NRS 40.648; NRS 40.652; NRS 40.670; NRS 40.680. The prelitigation construction defect proceedings, including mediation, were completed on September 26, 2016. Two days later, the Builders filed an action against the Association seeking declaratory relief and damages, asserting that the previous settlement agreement precluded the underlying

---

[2]To the extent the Association challenges the substantial completion dates, the Association has waived this argument on appeal by not raising it in its opening brief. *See Khoury v. Seastrand*, 132 Nev. 520, 530 n.2, 377 P.3d 81, 88 n.2 (2016) (providing that issues raised for the first time in a reply brief are waived).

[3]The notice also addressed other defects, but the district court dismissed the claims pertaining to those defects because the notice was insufficient to demonstrate the defects without extrapolation, and the Association does not challenge the dismissal of those defects' claims in this appeal.

construction defect claims and the NRS Chapter 40 notice was insufficient. On March 1, 2017, the Association filed its answer and counterclaim asserting its construction defect causes of action, roughly nine years after substantial completion of the towers.

The Builders moved for summary judgment, arguing that the Association's construction defect claim was time-barred under the statute of repose in NRS 11.202(1) (2015) because it was not filed within six years of the substantial completion of each tower. *See* 2015 Nev. Stat., ch. 2, § 17, at 17. The district court concluded that because the Association filed its NRS Chapter 40 notice on the last day of the six-year statute of repose, when considering the grace period provided for in the 2015 amendment to NRS 11.202(1), the NRS Chapter 40 notice tolled that statute of repose.[4] The court also concluded, however, that the NRS Chapter 40 notice tolled the statute of repose only until 30 days after the prelitigation proceedings were completed, and because the Association did not file its answer and counterclaim during those 30 days, the Association's construction defect claim was time-barred. Thus, the district court granted the Builders' motion for summary judgment and dismissed the Association's construction defect claim on May 23, 2019.

Thereafter, on June 3, 2019, the Governor signed into law Assembly Bill (A.B.) 421, which amended NRS 11.202's statute of repose from six years to ten years. 2019 Nev. Stat., ch. 361, at 2257 & § 7, 2262. The Association filed a motion to alter or amend the court's order dismissing the construction defect claim in light of A.B. 421. The Builders opposed the

---

[4]The district court reached this conclusion before our opinion in *Byrne v. Sunridge Builders, Inc.*, 136 Nev. 604, 475 P.3d 38 (2020), clarified that an NRS Chapter 40 notice cannot toll the statute of repose.

motion and requested the district court certify its order dismissing the construction defect claim as final under NRCP 54(b). The district court denied the motion to alter or amend its order, concluding that A.B. 421 did not become effective until October 1, 2019. The district court also granted the Builders' motion for NRCP 54(b) certification.

On September 9, 2019, the Association filed its second motion to alter or amend the judgment based on A.B. 421. Although filed before October 1, 2019, when A.B. 421 became effective, the hearing on the motion did not occur until after that date. On January 14, 2020, the district court denied the Association's motion, concluding the court had properly determined the claim was time-barred based on the effective law at the time.

## DISCUSSION

An NRCP 59(e) motion to alter or amend a judgment may be appropriate to correct "manifest errors of law or fact," address "newly discovered or previously unavailable evidence," "prevent manifest injustice," or address a "change in controlling law." *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (internal quotation marks omitted). We review an order denying an NRCP 59(e) motion for an abuse of discretion. *Id.* at 589, 245 P.3d at 1197.

The 2015 version of NRS 11.202(1) precluded construction defect actions from being filed more than six years after the substantial completion of an improvement. A.B. 421 changed the repose period in NRS 11.202(1) from six years to ten years.[5] 2019 Nev. Stat., ch. 361, § 7, at 2262.

---

[5]NRS 11.202(1) is a statute of repose because it precludes actions after a certain amount of time, regardless of injury. *See Libby v. Eighth Judicial Dist. Court*, 130 Nev. 359, 364 n.1, 325 P.3d 1276, 1279 n.1 (2014)

SUPREME COURT
OF
NEVADA

(O) 1947A

A.B. 421 also provided that "[t]he period of limitations on actions set forth in NRS 11.202, as amended by section 7 of this act, apply retroactively to actions in which the substantial completion of the improvement to the real property occurred before October 1, 2019." *Id.* at § 11, at 2268.

While A.B. 421 was signed into law on June 3, 2019, the amendment of the statute of repose did not become effective until October 1, 2019. NRS 218D.330(1) provides that "[e]ach law and joint resolution passed by the Legislature becomes effective on October 1 following its passage, unless the law or joint resolution specifically prescribes a different effective date." A.B. 421 did not prescribe a different effective date for the amendment to the statute of repose. Further, even though the amendment to the statute of repose was explicitly applicable retroactively, a retroactive-application provision does not alter a bill's effective date. Thus, the amended statute of repose in A.B. 421 became effective on October 1, 2019, and was not retroactive until that date.

Accordingly, at the time the district court considered the Association's second motion to alter or amend the judgment, there had been a change in controlling law since the entry of the judgment. Instead of considering this change in controlling law, the district court determined that alteration or amendment of the judgment was unnecessary because the court had properly concluded that the Association's claim was time-barred under the applicable law at the time the judgment was entered. The district court failed to consider the fact that the amended statute of repose was

_____

(explaining that "[a] statute of repose bar[s] causes of action after a certain period of time, regardless of whether damage or an injury has been discovered, whereas, a statute of limitations forecloses suit after a fixed period of time following the occurrence or discovery of an injury" (second alteration in original) (internal citations and quotations omitted)).

retroactive, which changed the applicable law not only at the time the court considered the motion, but also at the time the judgment was entered. *In re Estate of Thomas*, 116 Nev. 492, 495-96, 998 P.2d 560, 562 (2000) ("The general rule is that statutes are prospective only, unless it clearly, strongly, and imperatively appears from the act itself that the legislature intended the statute to be retrospective in its operation."); 2019 Nev. Stat., ch. 361, § 11, at 2268 (providing that the change to the statute of repose applies retroactively). Because A.B. 421's statute of repose was retroactive, the Legislature intended it to apply to construction defect actions pending as of October 1, 2019. *See Dekker/Perich/Sabatini Ltd. v. Eighth Judicial Dist. Court*, 137 Nev., Adv. Op. 53, 495 P.3d 519 (2021) (explaining that the Legislature intended NRS 11.202's amended statute of repose to apply retroactively to projects completed before October 1, 2019, "to relieve prejudice to Nevada landowners who were unaware of property damage that did not manifest within the six-year repose period"). As soon as A.B. 421 became law on October 1, 2019, all construction defect actions filed within ten years of substantial completion of the project were no longer time-barred. *See id.* Because the Association's construction defect action was filed within nine years of the substantial completion of each of the towers, the action was no longer time-barred. Accordingly, the district court abused its discretion in denying the Association's second motion to alter or amend the judgment.

## CONCLUSION

A.B. 421 became effective on October 1, 2019. As of that date, the statute of repose for filing construction defect claims was ten years from substantial completion of the project. Further, that change in the law applied retroactively. Because the district court did not consider the

retroactive change in the controlling law when denying the Association's second motion to alter or amend the judgment, we conclude the district court abused its discretion in denying that motion. Accordingly, as the court should have granted the Association's second motion to alter or amend the judgment, we vacate the district court's summary judgment and remand this matter for proceedings consistent with this opinion.[6]

_____, J.
Herndon

We concur:

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

[6]In light of this opinion, we need not reach the other arguments raised by the parties on appeal.